JOSEPH L. HOLLOMAN AND RUTH ANN HOLLOMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holloman v. Commissioner
Docket No. 3721-74.
United States Tax Court
T.C. Memo 1975-309; 1975 Tax Ct. Memo LEXIS 65; 34 T.C.M. (CCH) 1354; T.C.M. (RIA) 750309; October 7, 1975, Filed Richard F. McDivitt, for the petitioners. Charles N. Woodward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the calendar years 1968 and 1971 in the amounts of $779.36 and $1,430.09, respectively. The only issue for decision is whether the petitioners are entitled to an investment credit for the purchase of certain "used section 38 property" under section 48(c)(1), [1] when the property was previously leased to a partnership in which petitioner Joseph L. Holloman had a 50 percent interest. The case was submitted under Rule 122, Tax Court Rules of *67 Practice and Procedure. All of the facts have been stipulated by the parties. We adopt the stipulation of facts and the exhibits attached thereto as our findings. The pertinent facts are summarized below. Petitioners, Joseph L. and Ruth Ann Holloman, were husband and wife during the taxable years in question. Their legal residence was in Harlingen, Texas, at the time they filed their petition in this case. Their joint Federal income tax return for the year 1971 was filed with the District Director of Internal Revenue at Austin, Texas. Joseph L. Holloman will be referred to herein as the "petitioner." Petitioner, a dentist, became an employee of Dr. B. J. Blankenship, also a dentist, in October 1970. They formed an equal partnership under the name of Blankenship and Holloman on January 1, 1971, when petitioner purchased one-half of the accounts receivable of Dr. Blankenship's practice. Dr. Blankenship retained ownership of all the dental equipment used in his business as a sole practitioner, and leased the equipment to the partnership from January 1, 1971, until August 31, 1971, when the partnership was terminated. On that date, petitioner purchased Dr. Blankenship's 50 percent *68 interest in the partnership as well as his dental equipment. The purchase price of the equipment was $31,500. Respondent disallowed a claimed investment credit in 1971 on petitioner's purchase of the dental equipment, thereby resulting in the determined deficiency for that year, and also disallowed a claimed carryback of 1971 unused investment credit to petitioner's 1968 taxable year, thus resulting in a determined deficiency for that year. We are concerned in this case with the investment credit, a credit which may be offset directly against income tax liability. Generally, the credit is an amount equal to seven percent of "qualified investment," which includes purchases of new equipment and some purchases of used equipment. The percentage of investment which the taxpayer may take into account as "qualified investment" varies with the expected useful life of the property. The types of property, new or used, which are included in "qualified investment" are described as "section 38 property" and include most tangible personal property and certain real property other than buildings or structural components. Used property, to be eligible for the credit, must be purchased after *69 December 31, 1961. To prevent abuse, however, there has been omitted from the definition of "used property" that property which is used by a person who used the property prior to such acquisition, and that property which is used by a person who is related to a person who used the property before its acquisition. Since Congress intended the investment credit to act as a stimulus to the ecomony by encouraging the ready turnover of businesses and business assets, it was felt that no credit should be allowed where no real change in ownership took place. The limiting provisions of section 48(c)(1) were included so that no credit would be allowed for minor shifts in ownership. The key question here is whether there was a real change in ownership and use, or whether the abuse which Congress sought to prevent has occurred. The resolution of this question depends upon whether or not the limiting provisions of section 48(c)(1) are applicable to these facts. Put another way, did the dental equipment purchased by petitioner in 1971 constitute "used section 38 property" for which a limited investment credit is provided in section 48(c)(1)? [2]
*70 This same question was decided previously in the case of Edward A. Moradian,53 T.C. 207 (1969). There, Edward Moradian and Nick Hagopian entered into a farming partnership after purchasing certain tracts of land in Madera County, California. They successfully conducted a farming operation on that land as a partnership until May, 1964, when the partnership was terminated. The partnership income was generated primarily by raising and selling grapes. The primary assets of the partnership consisted of mature grapevines with varying useful lives. On June 5, 1964, Hagopian conveyed his undivided one-half interest in the Madera County realty to Georgia Moradian, wife of Edward Moradian. After June 5, 1964, Edward and Georgia Moradian continued the grapefarming operation under the name of Gem Farms (a partnership consisting of Edward and Georgia Moradian). On their 1964 Federal income tax return the taxpayers claimed an investment credit of $3,500 based on Georgia Moradian's purchase of the realty and grapevines from Nick Hagopian. At issue there was whether the property acquired by Georgia Moradian in 1964 constituted "used section 38 property" for which a limited investment *71 credit is provided in section 48(c). The Commissioner contended that the taxpayer was not entitled to an investment credit since the property in question was used, after the taxpayer acquired it, by "a person who used such property before such acquisition." The Commissioner argued that use of the grapevines by the partnership should be attributed to each partner individually. The result of that would have been that since Edward "used" the grapevines prior to Georgia's acquisition, while a member of the Hagopian-Moradian partnership, and then "used" them after the acquisition, as a partner in Gem Farms, the taxpayers would be disqualified under Section 48(c)(1) and would not be entitled to an investment credit. This Court, however, held that the partnership should be treated as a separate entity or "person" for purposes of section 48(c)(1), and, since two separate partnerships used the grapevines, the taxpayers were entitled to the investment credit. The result in the Moradian case was based primarily on the ground that a partnership is an entity, distinct from its partners. The facts in the present case are substantially the same as those in Moradian. Here the *72 petitioner contends that he is entitled to an investment credit for his purchase of dental equipment, which he says constitutes "used section 38 property." To the contrary, respondent argues that the property is now being used by a "person" who used such property prior to its acquisition. Section 48(c)(1) is determinative on this issue. It is set out earlier in this opinion, and contains two limitations. The second limitation, involving the parenthetical portion of section 48(c)(1), is concerned with whether or not the property is used by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person who used such property before such acquisition. Section 179(d)(2)(A) describes such a person as a person from whom the acquisition of property would result in the disallowance of losses under section 707(b). Section 707(b)(1)(A) describes such a person as a partnership in which the taxpayer as a partner owned directly or indirectly more than 50 percent of the capital interest or the profits interest therein. This petitioner owned only a 50 percent interest in the Blankenship and Holloman partnership, and thus the limitation is inapplicable. Respondent *73 urges that petitioner is not entitled to an investment credit for "used section 38 property" under the first limitation in section 48(c)(1). The crux of respondent's position is that the dental equipment was used by "a person who used such property before such acquisition." Petitioner's physical use of the equipment, while he was a partner in Blankenship and Holloman, respondent argues, was use by the same person who used it after acquisition. His contention is based on the premise that use by the partnership is attributable to each partner individually. The partnership, he argues, should be treated as an aggregate of individuals for the purposes of section 48(c)(1). To support this argument, respondent relies heavily on section 1.48-3(a)(2)(ii), Income Tax Regs., which provides: (ii) For purposes of applying subdivision (i) of this subparagraph, (a) property used by a partnership shall be considered as used by each partner, and (b) property shall not be considered as used by a person before its acquisition if such property was used only on a casual basis by such person. (emphasis added) We rejected a similar argument in Edward A. Moradian,supra at 210-211, *74 where we stated: We have considered the relationship of section 48(c)(1) with other sections of the Code. We have also determined in our best judgment the intent of Congress in introducing the concept of investment credit and the reasons behind its limitations. In our view, under the particular facts in this case the respondent's position and regulations cited to the extent they support his position are contrary to the intent of Congress as expressed in the statute and in the committee reports and are to that extent invalid. Consistent with our prior opinion in Moradian, we hold that the partnership of Blankenship and Holloman should be treated as an entity for purposes of section 48(c). Section 7701(a)(1) specifically provides a definition of the term "person." This definition, according to section 7701(a), is to be used where not otherwise distinctly expressed or manifestly incompatible with the intent of a particular section of the Code. We think this definition is not inconsistent with the meaning of section 48(c). Thus, for purposes of section 48(c), a partnership is to be treated as an entity distinct and separate from the individuals composing the partnership. Accordingly, *75 the petitioner is entitled to an investment credit under section 48(c)(1). In our opinion this conclusion is consistent with Congressional intent. Congress added the investment credit to our tax laws in the Revenue Act of 1962 in order to stimulate the nation's economy through investment in producers goods. Petitioner has purchased the assets of a pre-existing business, and, at least indirectly, has stimulated investment. If Dr. Blankenship should decide to continue in business as a dentist, he will have to go out and purchase new or used dental equipment to replace the equipment he sold to the petitioner. The abuse which Congress sought to prevent has not occurred. There has been a change in the use as well as a change in the ownership of assets. A change in use occurred because the Holloman-Blankenship partnership and the petitioner are separate entities. The "person" who used the property in question after the acquisition, the petitioner, is not the same or related to the "person" who used such property before such acquisition, the partnership. Petitioners, therefore, are entitled to the investment credit they claimed in 1971, and to a carry-back of the excess 1971 investment *76 credit to the year 1968. Decision will be entered for the petitioners.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Sec. 48. Definitions; Special Rules. * * *
(c) USED SECTION 38 PROPERTY.-- (1) In general.--For purposes of this subpart, the term "used section 38 property" means section 38 property acquired by purchase after December 31, 1961, which is not new section 38 property. Property shall not be treated as "used section 38 property" if, after its acquisition by the taxpayer, it is used by a person who used such property before such acquisition (or by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person who used such property before such acquisition).↩