BERNARD JASKE AND PAULINE JASKE, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jaske v. Commissioner
Docket No. 41977-84.
United States Tax Court
T.C. Memo 1986-454; 1986 Tax Ct. Memo LEXIS 150; 52 T.C.M. (CCH) 573; T.C.M. (RIA) 86454; September 18, 1986. *150 P purchased equipment from the estate of her deceased father who had used the equipment in his sole proprietorship trucking business. After the property was purchased, P used it in her separate sole proprietorship trucking business. P claimed an investment credit on her jointly filed Federal income tax return. The 1979 return was filed on January 29, 1981. R disallowed the claimed investment credit. Held, the equipment does no qualify as "used section 38 property" since the property was previously used by P's father. Sec. 48(c)(1) and sec. 179(d)(2)(A). Heldfurther, R's determination that Ps are liable for an addition to tax under section 6651(a)(1) is sustained. James O. Vollmar, for the petitioners. Sheldon M. Kay, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1979 in the amount of *151 $6,100 together with an addition to tax under section 6651(a)(1) in the amount of $1,525. There are two issues for decision: whether petitioners are entitled to an investment credit for the purchase of two used tractors and trailers under section 38, and whether petitioners are liable for an addition to tax under section 6651(a)(1) for failure to file timely their 1979 Federal income tax return. This case was submitted fully stipulated pursuant to Rule 122. The Stipulation of Facts and exhibits attached hereto are incorporated herein by this reference. At the time of the filing of their petition in this matter, petitioners resided in New Berlin, Wisconsin. Petitioner Bernard Jaske operated Bud's Truck and Repair. Petitioner Pauline Jaske (hereinafter Pauline) operated a sole proprietorship trucking company known as PJ Trucking Company. Pauline's father, Russell Trupke, operated a trucking company as a sole proprietor until he died intestate on September 21, 1979. In his trucking operation, Russell Trupke used, among other items, two tractors and two trailers. These assets became part of the Estate of Russell Trupke upon his death. The estate was processed by an "informal *152 administration" in the Wisconsin Circuit Court. On September 30, 1979, Pauline purchased the tractors and trailers from the Estate of Russell Trupke by assuming liabilities of the Estate. The liabilities assumed were $24,800 owed to Bud's Trucks and Repairs, and a $71,748.18 loan from Waukeska State Bank for which the tractors and trailers were collateral. Pauline used the two tractors and two trailers in her trucking business, PJ Trucking Co., from their date of purchase through the remainder of the taxable year. Prior to the due date of their return, petitioners filed an Application for Automatic Extension of time to file to June 15, 1980. Prior to June 15, 1980, petitioners filed an Application for Extension of time to file until September 15, 1980. There is no evidence in the record as to whether the second application for extension was acted upon by respondent. On January 29, 1981, petitioners filed their joint Federal income tax return for the taxable year 1979. On the return Pauline claimed an investment credit for the two tractors and two trailers in the amount of $6,100. [2] *153 In his statutory notice of deficiency issued on September 24, 1984, respondent disallowed the investment credit in full relating to the two tractors and two trailers. Section 38 allows for a credit against income tax for investment in qualified property. Property qualified for investment credit is referred to as "section 38 property" and is defined in section 48, which distinguishes between new and used "section 38 property." The specific requirements for qualification as "used section 38 property" are set forth in section 48(c) as follows: (c) USED SECTION 38 PROPERTY.- (1) IN GENERAL.-For purposes of this subpart, the term "used section 38 property" means section 38 property acquired by purchase after December 31, 1961, which is not new section 38 property. Property shall not be treated as "used section 38 property" if, after acquisition by the taxpayer, it is used by a person who used such property before such acquisition (or by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person *154 who used such property before such acquisition). Thus, in order to qualify for the investment credit, the property must (1) be acquired by purchase, and (2) not be disqualified by prior use by the taxpayer or by a related person as defined in section 179(d)(2)(A) or (B). [3] *155 Both tests must be satisfied for property to qualify for the investment credit. Crawford v. Commissioner,70 T.C. 46 (1978). Since respondent agrees that petitioners have satisfied the first requirement, we need only decide whether the property is disqualified by its prior use. Accordingly, if the tractors and trailers were used by Pauline's spouse, or an ancestor or lineal descendant prior to acquision by Pauline, such use would disqualify the property for investment credit. Section 179(d)(2)(A). Pauline's father, Russell Trupke, used the tractors and trailers in his sole proprietorship trucking operation prior to his death in 1979. His assets passed to his estate and Pauline purchased the equipment from the estate. Pauline used the tractors and trailers in her sole proprietorship trucking operations for the remainder of 1979 and thereafter. Petitioners argue that (1) the purchase of the property from the intervening estate and (2) the use of the property by the father's business and then by Pauline's business removes the property from disqualification. We do not agree.We have previously decided that the existence of an intervening owner does not affect the test of prior use by a prohibited family member. See Crawford v. Commissioner,supra at 49. While the purchase of the property from the estate may assist petitioners in the first test of qualification ("acquired by purchase"), it does not assist them in the second test. Crawford v. Commissioner,supra at 49. Petitioners argue that we should look at the father's business and Pauline's business as the "persons" that used the property. *156 They cite Holloman v. Commissioner,551 F.2d 987 (5th Cir. 1977), affg. a Memorandum Opinion of this Court, in support of the position that the reference to "use" by a person in section 48(c)(1) does not mean the individual person who actually physically used the equipment, but refers to the legal entity which used the equipment. Holloman,supra at 989. While we agree with this theory, petitioners' argument that there was no prior use by a prohibited family member fails. Both businesses were sole proprietorships. For tax purposes a sole proprietorship has no separate legal identity from the proprietor. [4] *157 Accordingly, Pauline and her father are the "persons" referred to by section 48(c)(1). Therefore, Russell Trupke was the person who used the equipment, and after its purchase from his estate Pauline was the person who used the equipment. A father-child relationship is disqualifying for the purposes of section 179(d)(2)(A), and, therefore, the two tractors and two trailers do not qualify as "used section 38 property" under section 48(c). Crawford v. Commissioner,supra at 49. [5]
The next issue for decision is whether petitioners are liable for an addition to tax for failure to file timely their 1979 income tax return. Petitioners bear the burden of proving that their failure to file timely was due to reasonable cause and not to willful neglect. Section 6651(a)(1) and section 301.6651-1(a)(1), Proced. *158 & Admin. Regulations; Kindred v. Commissioner,669 F.2d 400 (6th Cir. 1982), affg. by order a Memorandum Opinion of this Court; Rule 142(a).[6]
Petitioners filed an Application for Automatic Extension of Time to File their 1979 income tax return until June 15, 1980, and before this extension expired they filed a request for extension of time to file until September 15, 1980. The record does not indicate whether or not this request was approved. Petitioners did not file their 1979 joint income tax return until January 29, 1981, some four and one half months after September 15, 1980. [7]
There is no evidence in the record upon which we can make a finding that the failure to file timely was due to reasonable cause and not to willful neglect. Petitioners have not met their burden of proof in this matter and, accordingly, are liable for the addition to tax under section 6651(a)(1) as determined by respondent. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The total purchase price of the two tractors and two trailers was $96,548.18 (the total of the assumed debt). The basis used for determination of the claimed investment tax credit was $61,000. The amount of the claimed investment tax credit is not at issue.
3. [Sec. 179(d)] (2) PURCHASE DEFINED. * * * the term "purchase" means any acquisition of property, but only if- (A) the property is not acquired from a person whose relationship to the person acquiring it would result in the disallowance of losses under section 267 or 707(b) (but, in applying section 267(b) and (c) for purposes of this section, paragraph (4) of section 267(c) shall be treated as providing that the family of an individual shall include only his spouse, ancestors, and lineal descendants), * * *
4. In Holloman v. Commissioner,551 F.2d 987 (5th Cir. 1977), affg. a Memorandum Opinion of this Court, the court considered the question of whether partnership property should be treated as being used by each partner for purposes of section 179(d)(2)(A). The court recognized that a pertnership is a separate legal entity, for purposes of section 48(c). See also section 7701(a)(1); Moradian v. Commissioner,53 T.C. 207 (1969); Kipperman v. Commissioner,T.C. Memo. 1977-32, affd. on another issue 622 F.2d 431↩ (9th Cir. 1980). 5. Although this particular transaction may not be one of the tax abuse situations that Congress had in mind to prevent when enacting the investment credit provisions, the father to child transaction is unquestionably one of the disqualifying relationships delineated by Congress. See H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 411-420, 521-522; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707↩, 716-727, 864.
6. See also Swan v. Commissioner,T.C. Memo. 1985-521↩, on appeal (7th Cir., May 5, 1986).
7. Thus, even if the second extension request had been granted the return would be untimely.↩