429 F.Supp. 1025 (1977)
In re Joel KLINE, Bankrupt.
UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,
v.
Eugene M. FEINBLATT, Trustee, Appellee.
No. 16086-T.
United States District Court, D. Maryland.
April 25, 1977.
Jervis S. Finney, U. S. Atty., Daniel M. Clements, Asst. U. S. Atty., Baltimore, Md., and Marc E. Albert, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellant.
Julian I. Jacobs, Lawrence D. Coppel and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., for appellee.
THOMSEN, Senior District Judge.
The trustee in bankruptcy seeks an order awarding him, as the prevailing party in his controversy with the Internal Revenue Service herein, an attorney's fee in the amount of $20,000 as part of the costs payable by the Government. He relies upon 42 U.S.C. 1988, as amended, Act of Oct. 19, 1976, Pub.L.No.94-559, § 2, 90 Stat. 2641, which provides in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."
The facts upon which the claim filed by the Government was based and the relevant statutes, legislative history and decisions are set out in the opinion of this court denying that claim, In re Joel Kline, 403 *1026 F.Supp. 974 (D.Md.1975), affirmed per curiam, 547 F.2d 823 (4 Cir. 1977). A motion by the trustee to award an attorney's fee as part of the costs on appeal, on the same grounds that are relied on in this court, was denied by the Fourth Circuit on February 24, 1977, without opinion.[1]
In his motion for award of an attorney's fee the trustee alleges: that "[t]he Government knew that the private foundation excise taxes in question constituted `penalties' within the purview of section 57j of The Bankruptcy Act (11 U.S.C. 93(j)) and would be disallowed"; that the amount realized from the liquidation of the bankrupt's assets is insufficient to pay the tax claims asserted by the Government; that "the Government acted in a vexatious manner by persisting in litigating its claim before this Court and thereafter by appealing this Court's decision to the United States Court of Appeals for the Fourth Circuit, knowing that its position had little or no merit and that such litigation and appeal would require the Trustee to incur substantial attorney's fees"; and that approximately 200 hours of attorneys' time was spent on litigating this matter in the United States Tax Court, the bankruptcy court and this court.
The trustee contends that because he prevailed in this litigation, fairness and equity require that the Government, rather than the bankrupt estate, should bear the burden and expense of litigation, and that this court should therefore award an attorney's fee pursuant to § 1988. In his brief the trustee notes that the 1976 amendment to § 1988 was enacted in response to the decision in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and quotes remarks of Senator Allen in the course of the floor debate on the Senate Bill;[2] he also quotes subsequent remarks of Senator Allen after the statute was enacted, which are not part of the legislative history.[3]
The Government argues convincingly that the legislative history shows that other senators did not intend that the 1976 amendment to § 1988 should have such a broad sweep as the trustee, relying on Senator Allen's remarks, contends; rather, the Government argues, the statements of other senators indicate that the provision allowing prevailing taxpayers to recover an attorney's fee is to be limited to situations where the Government has acted in bad faith or has brought a suit for purposes of harassment or frivolously or vexatiously.
The 1976 amendment to § 1988 was a direct congressional response to the decision in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which held that attorneys' fees could not be awarded to prevailing plaintiffs under a private attorney general theory unless there was express statutory authority for such an award. The legislative history of the 1976 amendment makes clear, however, that Congress did not intend to alter the established standards used in determining the propriety of awarding *1027 attorneys' fees to prevailing parties under similar statutes.[4] The then existing case law authorized attorney's fee awards under those statutes against a party who institutes an action in bad faith, frivolously, vexatiously or for purposes of harassment. See, e. g., Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); F. D. Rich Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); Carrion v. Yeshiva Univ., 535 F.2d 722 (2 Cir. 1976); United States Steel Corp. v. United States, 519 F.2d 359 (3 Cir. 1975).[5] Remarks of Senators Tunney and Kennedy during floor debate on Senator Allen's addition to the 1976 amendment to § 1988 indicate that the same "bad faith" standard would govern an award of an attorney's fee to a taxpayer as would govern awards of attorneys' fees under the other provisions of the 1976 amendment. The views expressed by members of the House of Representatives likewise recognized that fee awards would be limited to cases where the Government acts in bad faith, for purposes of harassment or vexatiously or frivolously.[6]
This court concludes that the Government did not act in bad faith, for purposes of harassment, vexatiously or frivolously in this case. There was no binding precedent, and although this court and the Fourth Circuit concluded that the trustee's view was correct and supported by the reasoning of previous decisions, another district judge disagrees with our reasoning and has reached the opposite conclusion.[7]
Exercising its discretion pursuant to the 1976 amendment to § 1988, quoted above, this court concludes that it should not award an attorney's fee under that statute to the trustee as part of the costs in this case, and his motion is hereby denied. The bankruptcy judge, however, should consider the work done in preparing and arguing this matter when he is called upon to decide what fee should be allowed to the attorneys for the trustee.
NOTES
[1] The Government argues that the 1976 amendment to § 1988 should not be applied retroactively. The Fourth Circuit, however, has recently held that a similar statute (the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub.L.No.94-435, Title III, § 302(3), 90 Stat. 1396 (Sept. 30, 1976), amending 15 U.S.C. § 26) should be applied retroactively where the mandate of the Court of Appeals had not become final prior to passage of the statute. Alphin v. Henson, 552 F.2d 1033 (4 Cir., 1977). In the present case, the Fourth Circuit affirmed the judgment of this court on January 17, 1977, nearly three months after the effective date of the 1976 amendment to § 1988.
[2] See 122 Cong.Rec. S 16,428 (daily ed. Sept. 22, 1976). Senator Allen offered the amendment to Senate Bill 2278 which allowed the recovery of an attorney's fee by taxpayers prevailing in proceedings brought by the United States to enforce provisions of the Internal Revenue Code; in discussing his amendment he stated: "If in the final determination of the action it is found that the taxpayer owes nothing to the Government, or it is found that this action by the Government was without merit, or that it was frivolous, then the Government would be required to pay the attorney fee to the taxpayer as to whom it was found that there was no liability of taxes."
[3] See 123 Cong.Rec. S 731-32 (daily ed. Jan. 14, 1977).
[4] See S.Rep.No.1011, 94th Cong., 2d Sess. (1976), U.S.Code Cong. & Admin.News 1976, p. 5908; H.R.Rep.No.1558, 94th Cong., 2d Sess. (1976); 122 Cong.Rec. S 17050 (daily ed. Sept. 29, 1976).
[5] The Fourth Circuit has adopted that standard in suits brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. See EEOC v. Christiansburg Garment Co., 550 F.2d 949 (4 Cir. 1977).
[6] See 122 Cong.Rec. H 12162-65 (daily ed. Oct. 1, 1976).
[7] In re Unified Control Systems, Inc., No. 3-2423-B (N.D.Texas, filed Dec. 17, 1976).