John G. **HOLCOMB** and Ruth Holcomb, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

**No. 74–C–501.**

United States District Court, E. D. Wisconsin.

April 25, 1978.

See also 7 Cir., 543 F.2d 1185.

528

William F. Kolbe and Timothy P. Crawford, Demark, Kolbe & Brodek, Racine, Wis., for plaintiffs.

Vicki G. Cheikes, Gerald A. Kafka, Trial Attys., Dept. of Justice, Tax Div., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The plaintiffs, John and Ruth Holcomb, have filed a motion for attorneys' fees in this action. Both plaintiffs and defendant, United States, have filed with the Court a Bill of Costs in this action.

On March 9, 1978, the Clerk of Courts, United States District Court for the Eastern District of Wisconsin held that the costs of the action must be borne by each party because there was no prevailing party for the purposes of assessing costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The Clerk of Courts found that defendant's total allowable costs were $197.60 and that plaintiffs' total allowable costs were $496.03. The Clerk of Courts did not rule on the attorneys' fees issue, as this matter is to be decided by the District Court.

In this action, the jury found the defendant liable on the three issues submitted to the jury, namely the question of Mrs. Holcomb's liability under Section 6672 of the Internal Revenue Code, the question of whether the Holcombs were intentionally misled by the Internal Revenue Service (IRS) in signing the waivers and the issue of whether the IRS agreed to apply any and all proceeds from the bankruptcy of plaintiffs' corporation first to the trust fund portion of the corporate liability for which the Holcombs could be held personally liable.

On January 9, 1978, the Court granted defendant's motion for judgment notwithstanding the verdict as to the third question and judgment was entered in favor of the defendant and against plaintiff John Holcomb on the counterclaim of the United States.

■ In reviewing the parties' requests for costs, the Court notes that the court has discretionary power to assess costs in an action. *Clark v. Universal Builders, Inc.,* 501 F.2d 324 (7th Cir. 1974).

Rule 54(d) states:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

■ A party who has obtained some relief usually will be regarded as the prevailing party even if that party has not sustained all of his or her claims. *Best Medium Publishing Co. v. National Insider, Inc.,* 385 F.2d 384 (7th Cir. 1967), *cert. denied,* 390 U.S. 955, 88 S.Ct. 1052, 19 L.Ed.2d 1150 (1967).

■ Under the circumstances of this case, the Court finds that the plaintiffs are the prevailing parties within the meaning of Rule 54(d). Accordingly, plaintiffs are hereby awarded costs in the amount of $496.03 against the defendant.

The plaintiffs have moved for attorneys' fees in this action pursuant to the Civil Rights Attorney's Fee Awards Act of 1976. 42 U.S.C. § 1988, as amended. The defendant contends that the plaintiff is not entitled to recover attorneys' fees because the instant action was not instituted by or on behalf of the United States and because the defendant's actions were not unreasonable, unjustifiable or done in bad faith.

Section 1988 of 42 U.S.C. provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ This section precludes the award of attorneys' fees in an action brought by a taxpayer for a tax refund because such action is not "by or on behalf of the United States."

Plaintiffs argue that the defendant's counterclaim is, in fact, an action brought by the United States against the plaintiff taxpayers and therefore, they are entitled to attorneys' fees at least as to the counterclaim. Assuming plaintiffs' position is correct, the award of attorneys' fees is not mandatory but lies within the sound discretion of the court.

The 1976 amendment to § 1988 was a direct congressional response to the Supreme Court's decision in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which held that attorneys' fees could not be awarded to prevailing plaintiffs under a private attorney general theory unless there was some statutory authority for said award.

A review of the legislative history of the 1976 amendment to § 1988 shows that Congress had no intention of altering the established standards used in determining the propriety of awarding attorneys' fees to prevailing parties under similar statutes. Existing case law at the time only authorized attorneys' fee awards under those statutes against a party who commenced an action frivolously, in bad faith and for purposes of harassment. *See, e. g., Alyeska Pipeline Service Co. v. Wilderness Society, supra; F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974).

■ The legislative history of the 1976 amendment clearly indicates that the taxpayer must not only be the prevailing party in a suit brought by or on behalf of the United States but also that the action taken

by the United States must be frivolous, harassing or in bad faith.

Senator Tunney stated as follows:

Mr. President, as initial sponsor of S. 2278, I would like to make clear my understanding of the intent of this amendment, which I support.

Essentially, it would apply to a situation where a taxpayer is harrassed [sic] by the IRS. In such a case, a court has discretion to award reasonable attorneys' fees to the defendant. The standard to be applied is the one the courts have adopted with respect to prevailing defendants, as described in the Senate report.

The purpose of this amendment is not to discourage meritorious lawsuits by the IRS, but to discourage frivolous or harrassing [sic] lawsuits.

122 Cong.Rec. S. 17050–51 (daily ed. Sept. 29, 1976).

Senator Kennedy made the following statements:

While the original purpose of this bill was to authorize awards of fees in court actions brought to enforce our civil rights laws, there is no question that there are numerous other situations where recoveries of such fees are justified.

One such situation is indeed where taxpayers suffer harassment from the Internal Revenue Service. As I understand the provisions of the Allen amendment, a court would be authorized to award attorneys' fees to a taxpayer who is a defendant in a civil action brought by the U. S. Government to enforce the provisions of the Internal Revenue Code. The usual standard applied in cases where fees are awarded to prevailing defendants would apply here as well—that is, awards are appropriate where the action initiated by the plaintiff, the Government, acted in a frivolous or vexatious manner or brought the suit for purposes of harassment.

\* \* \* \* \* \*

. . . In general, the taxpayer would have to show bad faith on the part of the Government in bringing suit against him in order for fees to be allowed.

\* \* \* \* \* \*

. . . By authorizing awards of fees to prevailing defendants in cases brought under the Internal Revenue Code, however, Congress merely intends to protect citizens from becoming victims of frivolous or otherwise unwarranted lawsuits. Enactment of this amendment should in no way be understood as implying that Congress intends to discourage the Government from initiating legitimate lawsuits under the tax laws.

122 Cong.Rec. S. 17050–51 (daily ed. Sept. 29, 1976)

Relying on this legislative history, courts have held that the "bad faith" or harassment standard governs the award of attorneys' fees. *See, e. g., In re Kline*, 429 F.Supp. 1025 (D.Md.1977); *Lieb v. United States*, 438 F.Supp. 1015 (E.D.Okl.1977).

Plaintiffs argue that the defendant acted in bad faith in this action because the jury found that the plaintiffs were intentionally misled by the Internal Revenue Service into signing the waivers and in addition, that the government agent broke a promise to the plaintiff with respect to the application of bankruptcy proceeds.

Although the jury found in plaintiffs' favor, the Court finds that this does not constitute "bad faith" on the part of the government in bringing this suit. If plaintiffs' position were followed, it would appear that every time a party prevailed in a tax suit brought by the government, that party would be entitled to attorneys' fees. "Bad faith" would be shown merely because the particular party prevailed.

The Court finds that this position does not comport with the express intent of Congress in enacting the 1976 amendment to § 1988.

In light of the foregoing, and in exercising its discretion, this Court concludes that plaintiffs should not be awarded attorneys' fees under 42 U.S.C. § 1988, as amended. Accordingly, plaintiffs' motion for attorneys' fees under 42 U.S.C. § 1988 must be and is hereby denied. Plaintiffs' motion for

costs in the amount of $496.03 against the defendant is granted.