**Bryan M. PATZKOWSKI, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–1646.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1978.
Decided May 5, 1978.

Max E. Kirk, Ball & Nagle, P. C., argued, William C. Ball, Waterloo, Iowa, on brief, for appellant.

William A. Friedlander, Atty., Tax. Div., Dept. of Justice, Washington, D. C., argued, M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, and Aaron P. Rosenfeld, Attys., Dept. of Justice, Washington, D. C., and Evan L. Hultman, U. S. Atty. (former), Sioux City, Iowa, on brief, for appellee.

Before GIBSON, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and ROSS, Circuit Judge.

GIBSON, Chief Judge.

This is an appeal by Bryan Patzkowski (taxpayer) from a denial of attorney's fees requested under the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L.No.94–559, § 2, 90 Stat. 2641 (amending 42 U.S.C. § 1988). A penalty in the amount of $28,-675.57 was assessed against taxpayer by the Government, pursuant to 26 U.S.C. § 6672, for willful failure to collect and pay over employment taxes of the Santa's Forest Corporation for the second and fourth quarters of 1969 and the first quarter of 1970. Patzkowski paid $3,320.99 toward this assessment and made a claim for refund. Upon the denial of his claim for refund, he brought a refund suit in district court. The Government answered Patzkowski's complaint and counterclaimed for the balance of the assessment. Subsequently, the Government filed a third-party complaint upon William Skaife, seeking to collect from him the same $28,675.57 penalty assessed against Patzkowski.

A jury found Skaife rather than Patzkowski liable for the penalty and the District Court entered judgment accordingly, allowing Patzkowski to recover $3,320.99 plus costs from the Government, dismissing on the merits the Government's counterclaim against him and allowing the Government to recover $28,675.57 against Skaife. Patzkowski submitted a bill of costs to the District Court, wherein he sought, *inter alia,* attorney's fees of $12,073.00 pursuant to § 1988 of the Civil Rights Attorney's Fees Awards Act of 1976 (the Act). The Government contended, in opposition to this request, that attorney's fees were not allowable in this case as a matter of law and that, in any event, the amount sought by Patzkowski was unreasonable. By order entered May 9, 1977, the District Court denied Patzkowski's request for attorney's fees on the ground that Patzkowski had not alleged, nor could the court find, bad faith on the part of the Government. The District Court's reading of the legislative history of the Act convinced it that attorney's fees could be granted to prevailing taxpayers only where the Government had proceeded in bad faith. Patzkowski appeals from the order denying his request for attorney's fees.

The Civil Rights Attorney's Fees Awards Act of 1976, the statute under which attor-

ney's fees were sought and denied in the instant case, provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. The present appeal requires an interpretation of several aspects of this statute.

 Initially, we must consider whether the instant case constitutes a "civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code."

The Government contends that since the taxpayer instituted the refund suit from which the present appeal derives, this action cannot constitute one by or on behalf of the Government and that, accordingly, the taxpayer is not entitled to an award of attorney's fees. This contention ignores the fact that upon Patzkowski's institution of this suit for a refund of some $3,320.99, the Government filed a counterclaim for $25,-354.58. It is beyond all doubt or cavil that this counterclaim was filed by or on behalf of the Government; it was most assuredly not filed on behalf of the taxpayer. The fact that the taxpayer had originally filed a refund suit did not change the reality of the ensuing proceeding, in which he was required to defend against a governmental counterclaim.[1] Under these circumstances, we believe that Patzkowski is a prevailing party in an action brought by or on behalf of the Government and that he has, thus, met the first prerequisite for an award of attorney's fees posited by the Act.[2] We

---

**1.** We note that the initiation of a refund suit by a taxpayer does not reduce the Government's action for collection under 26 U.S.C. § 7402(a) to the status of a compulsory counterclaim under Fed.R.Civ.P. 13(a). When a taxpayer has sued for a refund, the Government may, of course, assert its collection action as a counterclaim; alternatively, however, it may file a separate collection action. *Caleshu v. United States*, 570 F.2d 711 (8th Cir. 1978).

**2.** This case does not present and we need not answer the question of whether the Act authorizes an award of attorney's fees to a taxpayer who prevails in a refund suit in which there is no governmental counterclaim. We note, however, that those courts which have been faced with this question have almost unanimously held the Act to be inapplicable. *See Haskins v. United States*, [1978] Stand.Fed.Tax Rep. (CCH) ⁋ 9197 (C.D.Cal. Nov. 17, 1977); *Lieb v. United States*, [1977] Stand.Fed.Tax Rep. (CCH) ⁋ 9752 (E.D.Okla. Sept. 29, 1977); *Schulken Bros. Paper Stock Co. v. United States*, [1977] Stand.Fed.Tax Rep. (CCH) ⁋ 9712 (C.D.Cal. Aug. 29, 1977); *In re Kline*, 429 F.Supp. 1025 (D.Md.1977); *Aparacor, Inc. v. United States*, 571 F.2d 552 (Ct.Cl.1978); *Key Buick Co. v. Comm'r*, 68 T.C. 178 (1977) (appeal pending). *See also Ellis Sarasota Bank and Trust Co. v. United States*, [1978] Fed.Taxes (P H) (40 A.F.T.R.2d) ⁋ 148,192 (M.D.Fla. Sept. 27, 1977). We have been able to find only one case holding that the ability of a taxpayer to recover attorney's fees under the Act is unaffected by his position in the underlying tax proceeding. The court in *Levno v. United States*, 440 F.Supp. 8 (D.Mont.1977), held summarily, without reference to the language of the statute or to legislative history, that "the status of a party as a plaintiff or as a defendant is not relevant with respect to the award of attorney fees pursuant to 42 U.S.C. § 1988 in a tax case or proceeding." The minority position espoused in *Levno* is certainly unsupported by the language of the statute itself, which clearly requires that the civil action be brought by or on behalf of the Government. Nor does the legislative history preceding passage of the Act support the holding in *Levno*. The only discernible basis for that interpretation of the statute lies in remarks by the sponsor of the amendment's tax clause, Senator Allen, inserted into the record several months after the Act's passage, wherein he disavowed that the Act was intended to allow awards of attorney's fees to prevailing defendants only. *See* 123 Cong.Rec. S731–2 (daily ed. Jan. 14, 1977). While we appreciate the candor of Senator Allen's acknowledgment that the Government can cause considerable discomfort to a taxpayer without making him a defendant in a lawsuit, we consider it significant that this commentary was made after the passage of the Act. Subsequent comments placed in the *Congressional Record* after a bill has been acted upon are of little value in establishing congressional intent. *Wisconsin Cheesman, Inc. v. United States*, 388 F.2d 420, 423 (7th Cir. 1968)

note that two other courts, faced with requests for attorney's fees in cases brought by taxpayers and including governmental counterclaims, have assumed the applicability of the Act and denied attorney's fees on other grounds. *See Star Oil Co. v. United States,* [1978] Fed.Taxes (P–H) (41 A.F.T. R.2d) ¶ 78–388 (W.D.Okl. Dec. 16, 1977); *Lieb v. United States,* [1977] Stand.Fed.Tax Rep. (CCH) ¶ 9752 (E.D.Okla. Sept. 29, 1977).

The Act leaves the decision to award attorney's fees to the discretion of the trial court, with the sole proviso that any award be "reasonable." Despite this straightforward statutory language, the District Court here read a bad faith requirement into the Act and, finding no bad faith on the part of the Government, denied Patzkowski's request for attorney's fees. Patzkowski contends that this denial of attorney's fees was based upon misreading of the legislative history of the Act, which, he argues, "reveals no clear Congressional intent" to require bad faith by the Government before a prevailing party may be awarded attorney's fees.

■ The Act itself contains utterly no reference to bad faith on the part of the Government as a prerequisite for an award of attorney's fees to a prevailing taxpayer-defendant. Although the statutory language is clear, we deem the legislative history of the Act relevant to our inquiry here, for "[w]hen aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no 'rule of law' which forbids its use, however clear the words may appear on 'superficial examination.'" *United States v. American Trucking Associations, Inc.,* 310 U.S. 534, 543–44, 60 S.Ct. 1059, 1064, 84 L.Ed. 1345 (1940) (footnotes omitted).

The legislative history of the Act contains frequent references to governmental bad faith. Upon a careful analysis of this history, we have concluded that the intent of Congress with regard to "bad faith" may be accurately summarized as follows. The Act leaves to the discretion of the courts the decision to award attorney's fees to a prevailing taxpayer-defendant. It is apparent from the legislative history that Congress recognized that awards of attorney's fees to defendants entail different considerations from awards of attorney's fees to plaintiffs and that it realized that the courts have taken cognizance of this difference by applying special criteria to cases involving requests by defendants for attorney's fees. Congress took note that the courts have been hesitant to award attorney's fees to a defendant unless the plaintiff's action was brought in bad faith or was vexatious, harassing, frivolous or, in the words of *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), unreasonable or without foundation. When Congress enacted § 1988, it was aware of the attitude with which the courts have traditionally approached fee requests by defendants and of the factors that the courts have weighed in considering such awards. Congress did not intend to impose a rigid requirement of bad faith *vel non* upon § 1988, but simply to ensure that the courts consider bad faith on the Government's part as one relevant factor in exercising their discretion under the Act. It intended that the courts consider requests by prevailing defendants under § 1988 pursuant to the standards developed in the already existent general case law on awards of attorney's fees to prevailing defendants.

The decisional law on awards of attorney's fees to prevailing defendants has

Moreover, during the debate which occurred prior to the passage of the Act, it was uniformly specified and/or implied that awards of attorney's fees would be available only to taxpayer-defendants. *See, e. g.,* 122 Cong.Rec. H12152, 12159, 12161 2, 12164, 12166 (daily ed. Oct. 1, 1976); 122 Cong.Rec. S17049- 50 (daily ed. Sept. 29, 1976.) Because Patzkowski was required to defend against a governmental

counterclaim, however, we need not now decide whether the Act authorizes awards of attorney's fees in refund suits in which the Government does not file a counterclaim. We simply note, at this juncture, that the developing case law is almost unanimously unfavorable to the allowance of attorney's fees to prevailing taxpayer-plaintiffs.

largely developed in the area of civil rights litigation and it is, therefore, appropriate that we turn to that case law for guidance.[3] In *Christiansburg Garment Co. v. EEOC, supra,* the Supreme Court articulated the standards which should be applied to requests by prevailing defendants for attorney's fees under § 706(k) of Title VII, 42 U.S.C. § 2000e–5(k).[4] Emphasizing the different equitable considerations governing awards of attorney's fees to plaintiffs and defendants, the Court gave its general approval to the criteria applied in *United States Steel Corp. v. United States,* 519 F.2d 359, 363 (3d Cir. 1975), where fees were denied because the plaintiff's action had not been "unfounded, meritless, frivolous, or vexatiously brought" and in *Carrion v. Yeshiva University,* 535 F.2d 722, 727 (2d Cir. 1976), which held that an attorney's fee award to a successful defendant should be permitted "not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious."[5] In approving these criteria, the Court added the following explanatory gloss:

> To the extent that abstract words can deal with concrete cases, we think that the concept embodied in the language adopted by these two Courts of Appeals is correct. We would qualify their words only by pointing out that the term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.

*Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra,* 434 U.S. at 421, 98 S.Ct. at 700.

While the Supreme Court has not addressed the specific question of what standards should apply to requests by prevailing taxpayer-defendants for attorney's fee awards under § 1988, a number of lower courts have recently had occasion to do so. Almost without exception, these courts have considered taxpayers' requests for attorney's fees in terms of criteria similar to those subsequently set forth in *Christiansburg* and have required a showing that the action against the taxpayer was brought in bad faith or was vexatious, harassing or frivolous. See *Star Oil Co. v. United States,* [1978] Fed.Taxes (P–H) (41 A.F.T. R.2d) ¶ 78–388 (W.D.Okla. Dec. 16, 1977) (attorney's fees to be awarded only where the Government's actions are so unwarranted as to constitute harassment or vexatious

---

3. We wish to make it clear that our reference to civil rights cases for guidance does not constitute a transfer to the tax proceeding situation of the standards which we have approved for awards of attorney's fees to prevailing civil rights plaintiffs. We are well aware of the obvious differences between tax disputes and actions undertaken in vindication of civil rights; the considerations favoring awards of attorney's fees to civil rights plaintiffs, who often bring suit as "private attorney generals," are far different from those relative to a taxpayer-defendant, who acts to protect his own economic self-interest. Thus, we do not consider the liberal approach to awards of attorney's fees to prevailing civil rights plaintiffs set forth in *Wharton v. Knefel,* 562 F.2d 550 (8th Cir. 1977), apposite to an analysis of the availability of attorney's fees to taxpayer-defendants.

4. Section 706(k) of Title VII provides in pertinent part:

> In any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs * * *.

42 U.S.C. § 2000e–5(k). The similarity between this provision and § 1988 is apparent. Indeed, the legislative history of the Act indicates that the language of § 1988 tracks that of § 706(k). See 122 Cong.Rec. H12159 (daily ed. Oct. 1, 1976).

5. The Court noted the general agreement between these standards and the law of this circuit as expressed in *Wright v. Stone Container Corp.,* 524 F.2d 1058, 1063–64 (8th Cir. 1975). *Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra,* 434 U.S. at 421 n. 18, 98 S.Ct. 694.

conduct directed against the taxpayer); *Haskins v. United States,* [1978] Stand. Fed.Tax Rep. (CCH) ¶ 9197 (C.D.Cal. Nov. 17, 1977) (attorney's fees to be awarded only when there is a showing that the United States acted in a frivolous and/or harassing manner); *Lieb v. United States,* [1977] Stand.Fed.Tax Rep. (CCH) ¶ 9752 (E.D.Okla. Sept. 29, 1977) (fee awards limited to cases where the Government acts in bad faith, for purposes of harassment or vexatiously or frivolously); *Ellis Sarasota Bank and Trust Co. v. United States.* [1978] Fed.Taxes (P–H) (40 A.F.T.R.2d) ¶ 148,192 (M.D.Fla. Sept. 27, 1977) (fee award allowed only upon showing that the suit was clearly frivolous, vexatious, or brought for harassment purposes); *In re Kline,* 429 F.Supp. 1025 (D.Md.1977) (fee award allowed only when Government acts in bad faith, for purposes of harassment or vexatiously or frivolously). *But see Levno v. United States,* 440 F.Supp. 8 (D.Mont.1977) (attorney's fees awarded to prevailing taxpayer-plaintiff without allegation or consideration of bad faith, harassment, vexatiousness or frivolity of Government's action).

 We have studied the legislative history of the Act, analyzed the cases which have applied its attorney's fees provision to tax proceedings and considered the Supreme Court's guidelines for awards of attorney's fees to prevailing defendants in the civil rights context. Undoubtedly, Congress did intend in enacting § 1988 to give prevailing defendants in tax cases some substantial relief on attorney's costs where the Government attempted to intimidate and overreach the taxpayer without cause, or acted vexatiously or in a harassing manner or in bad faith. We conclude that in proceedings where a prevailing taxpayer-defendant requests attorney's fees under § 1988, an award may be allowed when there is a showing that the Government's action was frivolous, harassing, vexatious, unreasonable, without foundation, or was instituted in bad faith. A showing of subjective bad faith on the Government's part is not, however, a *sine qua non* for an allowance of attorney's fees. It is merely one of several criteria which a district court

should consider in exercising its discretion under the Act.

The District Court in the present case limited its analysis of Patzkowski's request for attorney's fees to the issue of governmental bad faith; it did not consider the full range of criteria relevant to an exercise of discretion under the Act. Accordingly, we remand to the District Court for a reconsideration of Patzkowski's request for attorney's fees in light of the criteria here set forth.

Reversed and remanded.