Florence M. BRYANT

v.

**UNITED STATES of America.**

Civ. A. No. 77–679.

United States District Court,
E. D. Pennsylvania.

July 6, 1978.

Jeffrey L. Pettit, Philadelphia, Pa., for plaintiff.

John J. McCarthy, Jr., Edward J. Snyder, Mark Gellar, Tax Div. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Florence Bryant, the prevailing party in a tax refund suit, seeks allowance of attorney's fees against the United States pursuant to 42 U.S.C. § 1988, as amended by the Civil Rights Attorney's Fees Award Act of 1976, P.L. 94–559. The portion of the Act relevant to tax cases provides:

"[I]n any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

■ The Government urges that Ms. Bryant is not eligible for an award of attorney's fees because a tax refund proceeding initiated by the taxpayer cannot be considered an action by or on behalf of the United States. It is true that most courts have concluded that the statutory language and legislative intent indicate that attorney's fees are only available to prevailing taxpayer defendants. Nonetheless, as the government filed a counterclaim against Ms. Bryant for $84,000, this counterclaim constituted an action by or on behalf of the United States and Ms. Bryant was the defendant in that action. In a similar taxpayer refund suit were the government had filed a counterclaim, the Court of Appeals for the Eighth Circuit held that the taxpayer was a prevailing defendant in an action by the government, reasoning: "The fact that the taxpayer had originally filed a refund suit did not change the reality of the ensuing proceeding, in which he was required to defend against a governmental counterclaim." *Patzkowski v. United States,* 576 F.2d 134 at 136 (8th Cir. 1978). *See Star Oil Company v. United States,* 78–1 U.S.Tax ¶ 9160 (W.D.Okl. Dec. 16, 1977) and *Holcomb v. United States,* 78 F.R.D. 527 (E.D.Wis., 1978) (assuming counterclaim is action by the government, attorney's fees denied on other grounds). Thus, Ms. Bryant is the prevailing party in an action brought by or on behalf of the government and, accordingly, may seek reasonable attorney's fees incurred in defending against the counterclaim.[1]

■ The next question is under what standard fees should be awarded. The Act leaves the decision to award attorney's fees to the discretion of the court while it remains silent on the question of what standard should inform that decision. Courts which have considered the scope of the tax action provision of 42 U.S.C. § 1988 have concluded that an award of attorney's fees to the prevailing taxpayer is authorized when the government's action was instituted in bad faith or was frivolous, harassing or vexatious. *See Patzkowski v. United States, supra;* *Holcomb v. United States, supra;* *Star Oil Company, Inc. v. United States, supra;* *United States v. Garrison Construction Company,* 77–2 U.S. Tax ¶ 9705 (N.D.Ala.1977); *Ellis Sarasota Bank and Trust Co. v. United States,* 78–1 U.S. Tax ¶ 13,222 (M.D.Fla.1977); *In Re Kline,* 429 F.Supp. 1025 (D.Md.1977). *But see Levno v. United States,* 77–2 U.S.Tax ¶ 9687 (D.Mont. Sept. 27, 1977) (fees awarded to prevailing plaintiff without discussion).[2] The government suggests that an award of attorney's fees should be condi-

1. Because Ms. Bryant was required to defend on a government counterclaim, this Court does not decide whether the Act authorizes an award of attorney's fees to the plaintiff in a tax refund suit in which the government does not counterclaim.

2. This Court sees no reason to further relax this standard as was apparently done in *Levno.* A prevailing taxpayer defendant does not share the favored status of the plaintiff in a civil rights case charged with effectuating a public policy under a "private attorney general" theory. To award attorney's fees to a successful party as a matter of course would serve no public policy but would discourage legitimate government suits to enforce the Internal Revenue Code.

tioned on a finding of subjective bad faith. The Court finds no reason to impose this stricter standard. Neither lower court rulings, nor the legislative history of the Act, nor the Supreme Court's ruling on the similar question of appropriate criteria for awards of attorney's fees in civil rights cases, supports such a standard. A review of the legislative history shows that Congress intended to deter the government from using Internal Revenue Code enforcement proceedings to harass or intimidate taxpayers by allowing the prevailing taxpayer to recover the cost of defending against unwarranted or harassing claims. 122 Cong.Rec. S17050–51 (daily ed. Sept. 29, 1976); 122 Cong.Rec. H12162–65 (daily ed. Oct. 1, 1976). There is no indication that Congress sought to confine awards to cases brought in bad faith. And in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court set forth guidelines for awards of attorney's fees to prevailing defendants in Title VII cases, concluding that fees may be awarded where the plaintiff's action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Id.* 434 U.S. at 421, 98 S.Ct. at 700, 54 L.Ed.2d at 657. This Court will exercise its discretion to award attorney's fees upon a showing that the government's action was frivolous, vexatious, unfounded, harassing or instituted in bad faith.

The parties have requested that, in the event this Court finds Ms. Bryant eligible for an award of attorney's fees, they be given an opportunity to supplement the record with evidence on whether a fee award is appropriate in this case. Granting this request, the Court asks that evidence be supplied in a timely fashion so that the ultimate issue may be resolved.