Steven M. KIPPERMAN and Stephanie
Kipperman, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 77–3174.

United States Court of Appeals,
Ninth Circuit.

June 26, 1980.

Henry Hill, Bronson, Bronson & McKin-
non, San Francisco, Cal., for petitioners-ap-
pellants.

M. Carr Ferguson, Washington, D. C., on
brief; Murray S. Horwitz, Washington, D.
C., argued, for respondent-appellee.

Before THORNBERRY *, ANDERSON
and SKOPIL, Circuit Judges.

THORNBERRY, Circuit Judge:

This case presents a question of first im-
pression for this court. At issue is the
interpretation of the Civil Rights Attor-
ney's Fees Awards Act of 1976 (Act), 42
U.S.C. § 1988, as it applies to a taxpayer
who is the prevailing party in the Tax
Court in a dispute with the Internal Reve-
nue Service. This action involves a request
for $2,500 in attorney's fees made by Ste-
ven M. Kipperman after he was the prevail-
ing party in the Tax Court on the substan-
tive tax issue. Kipperman contends that
the Tax Court erred when it concluded that
the portion of the Act authorizing awards
of attorney's fees in tax cases is not applica-
ble to a suit instituted by a taxpayer in the
Tax Court. We affirm.

The facts are undisputed. In 1973, Kip-
perman was an equal partner in a partner-
ship that claimed an investment tax credit
on its purchase of personal property from
one of its partners. The Internal Revenue

* The Honorable Homer Thornberry, Senior Cir-
cuit Judge, Fifth Circuit, sitting by designation.

Service, relying on Treasury Income Tax Regulation § 1.48–3(a)(2)(ii), asserted a deficiency against Kipperman in the amount of $182.77. Kipperman then petitioned the United States Tax Court to redetermine the deficiency. The Tax Court granted Kipperman's motion for summary judgment in a memorandum opinion relying on its previous decisions in *Moradian v. Commissioner of Internal Revenue*, 53 T.C. 207 (1969), and *Holloman v. Commissioner of Internal Revenue*, T.C. Memo 1975–309, 34 T.C.M. 1354 (1975), aff'd, 551 F.2d 987 (5th Cir. 1977). On March 28, 1977, Kipperman filed a motion for attorney's fees in the amount of $2,500. On May 18, 1977, the Tax Court entered an order and decision denying the motion.

The Civil Rights Attorney's Fees Awards Act of 1976, as amended, provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as a part of the costs.

42 U.S.C. § 1988. At issue in this case is the meaning of the phrase "any civil action or proceeding, by or on behalf of the United States." We hold that the effect of this phrase is that Kipperman must be (1) cast in the role of a defendant, (2) in a lawsuit, in order to recover attorney's fees. Therefore, Kipperman may not recover the $2,500 sought as attorney's fees.

This court has recently concluded that § 1988 requires that a taxpayer be cast in the role of a defendant before he can recover attorney's fees. *Klotz v. United States*, 602 F.2d 920 (9th Cir. 1979). In *Klotz*, while the taxpayer brought a refund suit and was initially cast in the role of a plaintiff, a counterclaim by the government cast the taxpayer in the role of a defendant. A

vast majority of the courts construing § 1988 have reached the conclusion that the taxpayer must possess "defendant status." *Key Buick Co. v. Commissioner of Internal Revenue*, 613 F.2d 1306 (5th Cir. 1980); *Alfonso v. United States*, 613 F.2d 1309 (5th Cir. 1980); *Jones v. United States*, 613 F.2d 1311 (5th Cir. 1980); *Prince v. United States*, 610 F.2d 350 (5th Cir. 1980); *Patzkowski v. United States*, 576 F.2d 134 (8th Cir. 1978); *Aparacor, Inc. v. United States*, 571 F.2d 552, 215 Ct.Cl. 596 (1978); *Hunter v. United States*, 474 F.Supp. 763 (S.D.N.Y. 1979); *Johnson v. C. I. R.*, 468 F.Supp. 461 (M.D.Fla.1979); *Institutional Agencies Corp. v. United States*, 78–2 USTC ¶ 9723 (W.D.Mo.1978); *Monarch Cement Co. v. United States*, 458 F.Supp. 384 (D.Kan. 1978); *Better Beverages, Inc. v. United States*, 78–2 USTC ¶ 9644 (S.D.Tex.1978); *Bryant v. United States*, 456 F.Supp. 174 (E.D.Pa.1978); *Jones v. United States*, 79–1 USTC ¶ 9120 (E.D.Tex.1978); *Sutton, et al. v. United States*, 78–2 USTC ¶ 9485 (E.D. Tenn.1978); *Engel v. United States*, 448 F.Supp. 201 (W.D.Pa.1978); *Richman v. United States*, 447 F.Supp. 929 (N.D.Ill. 1978); *Jacobsen v. United States*, 78–1 USTC ¶ 9323 (W.D.Tex.1978); *Holcomb v. United States*, 78 F.R.D. 527 (E.D.Wis. 1978); *Lieb v. United States*, 77–2 USTC ¶ 9752 (E.D.Okla.1977); *Schulken Brothers Paper Stock Co. v. United States*, 77–2 USTC ¶ 9712 (C.D.Cal.1977); *In Re Kline*, 429 F.Supp. 1025 (D.Md.1977); *United States v. Garrison Construction Co., Inc.*, 77–2 USTC ¶ 9705 (N.D.Ala.1977); *Haskin v. United States*, 444 F.Supp. 299 (C.D.Cal. 1977); *contra: In Re Slodov*, 79–1 USTC ¶ 9215 (N.D.Ohio 1979); *but see Levno v. United States*, 440 F.Supp. 8 (D.Mont.1977).

Only the Fifth Circuit has addressed the exact fact situation presented in this case where the taxpayer petitions the *Tax Court*, as opposed to paying the tax and seeking a refund in the Court of Claims or in a United States District Court. *Key Buick Co., supra*. We follow the Fifth Circuit and conclude that a taxpayer who petitions the Tax Court for relief is cast in the role of a plaintiff. Absent a counterclaim by the government or some other circumstance that would cast the petitioner in the role of

a defendant, the taxpayer may not recover attorney's fees even if he is the prevailing party. A taxpayer may not claim that he is cast in the role of a defendant merely because the government initiated an audit of the taxpayer or filed a Notice of Deficiency. The phrase "civil action or proceeding" means litigation, *Key Buick, supra; Prince v. United States, supra; Aparacor, Inc. v. United States, supra,* and the government must be the moving party in that litigation. In this case, the "civil action or proceeding" was brought "by or on behalf of" Kipperman, not the government. We conclude that the Tax Court properly denied the motion for attorney's fees. We need not address the question of whether the government's position on the substantive issue was "frivolous or vexatious." *Klotz v. United States, supra.*

AFFIRMED.