Herbert W. **TIMMS**, dba **Petrol Express**
et al., **Plaintiffs**,

v.

**UNITED STATES of America,**
**Defendant.**

**No. CIV 79–249–TUC–RMB.**

United States District Court,
D. Arizona,
Tucson Division.

Dec. 5, 1980.

---

Fred Luyties, Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C., Tucson, Ariz., for plaintiffs.

Michael D. Hawkins, U.S. Atty., Christopher L. Pickrell, Asst. U.S. Atty., Tucson, Ariz., Earl T. W. Ing, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

**OPINION**

BILBY, District Judge.

Plaintiff Timms initiated this action to obtain a legal interpretation of a settlement agreement between Timms and the Government settling an earlier tax suit. Timms prevailed on the merits and, following judgment in his favor,[1] filed a Notice of Application to Tax Costs of $36,054.96 against the United States, pursuant to Local Rule 49(a) which provides that costs shall be assessed as provided in Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that costs may be assessed against the Government only as provided for by law. Timms invokes 42 U.S.C. § 1988 as legal authority to impose attorney's fees against the United States. Section 1988 provides in relevant part:

> in any civil action or proceedings, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (1976). The present dispute centers upon whether costs may be assessed against the Government under section 1988 where the action is initiated by a private party who ultimately prevails in the litigation.

Both parties agree that the literal and practically all of the case law interpretation of the provision favors the Government's position that the prevailing party must be a party–defendant to be awarded attorney's fees. Nevertheless, plaintiff asserts that such an interpretation is erroneous. Timms argues that the sponsor of the statute intended it to apply to tax refund suits filed by taxpayers as well as to suits filed against taxpayers by the Government. In support of his contention plaintiff cites one Montana district court decision[2] and statements made by the sponsor of the statute

1. *Timms v. United States*, 46 A.F.T.R.2d 80–5634 (D.Ariz. 1980).

2. *Levno v. United States*, 440 F.Supp. 8 (D.Mont.1977).

several months after enactment of the statute.

The Ninth Circuit court has not had occasion to rule on the precise issue here presented. In *Klotz v. United States*, 602 F.2d 920 (9th Cir. 1979), however, the court of appeals held that notwithstanding the language of section 1988, when the Government files a counterclaim in response to a taxpayer's refund suit, the taxpayer may properly seek to recover attorney's fees incurred in defending against the Government's counterclaim.[3] 602 F.2d at 924. The Ninth Circuit court cited with approval *Patzkowski v. United States*, 576 F.2d 134 (8th Cir. 1978), which held that a counterclaim by the Government was filed "by or on behalf of the Government" within the meaning of section 1988. 576 F.2d at 136. More importantly, the *Patzkowski* court also considered the arguments made by Timms in this case and resolved them in the following footnote discussion:

> This case does not present and we need not answer the question of whether the Act authorizes an award of attorney's fees to a taxpayer who prevails in a refund suit in which there is no governmental counterclaim. We note, however, that those courts which have been faced with this question have almost unanimously held the Act to be inapplicable.... We have been able to find only one case holding that the ability of a taxpayer to recover attorney's fees under the Act is unaffected by his position in the underlying tax proceeding. The court in *Levno v. United States*, 440 F.Supp. 8 (D.Mont. 1977), held summarily, without reference to the language of the statute or to legislative history, that "the status of a party as a plaintiff or as a defendant is not relevant with respect to the award of attorney fees pursuant to 42 U.S.C. § 1988 in a tax case or proceeding." The minority position espoused in *Levno* is certainly unsupported by the language of the statute itself, which clearly requires that the civil action be brought by or on behalf of the Government. Nor does the legislative history preceding passage of the Act support the holding in *Levno*. The only discernible basis for that interpretation of the statute lies in remarks by the sponsor of the amendment's tax clause, Senator Allen, inserted into the record several months after the Act's passage, wherein he disavowed that the Act was intended to allow awards of attorney's fees to prevailing defendants only. *See* 123 Cong.Rec. S731–2 (daily ed. Jan. 14, 1977). While we appreciate the candor of Senator Allen's acknowledgment that the Government can cause considerable discomfort to a taxpayer without making him a defendant in a lawsuit, we consider it significant that this commentary was made after the passage of the Act. Subsequent comments placed in the *Congressional Record* after a bill has been acted upon are of little value in establishing congressional intent. *Wisconsin Cheesman, Inc. v. United States*, 388 F.2d 420, 423 (7th Cir. 1968). Moreover, during the debate which occurred prior to the passage of the Act, it was uniformly specified and/or implied that awards of attorney's fees would be available only to taxpayer–defendants. *See, e. g.*, 122 Cong.Rec. H12152, 12159, 12161–2, 12164, 12166 (daily ed. Oct. 1, 1976); 122 Cong. Rec. S17049–50 (daily ed. Sept. 29, 1976). Because Patzkowski was required to defend against a governmental counterclaim, however, we need not now decide whether the Act authorizes awards of attorney's fees in refund suits in which the Government does not file a counterclaim. We simply note, at this juncture, that the developing case law is almost unanimously unfavorable to the allowance of attorney's fees to prevailing taxpayer–plaintiffs.

576 F.2d at 136 n.2.

While the Eighth Circuit court did not have the question presented in this case

---

3. Section 1988 leaves the decision to award attorney's fees to the sole discretion of the trial court. A criterion required by several courts in the exercise of their discretion is a showing that the Government's actions were frivolous, vexatious, harassing, in bad faith, or without foundation. *See Klotz v. United States*, 602 F.2d 920, 924 (9th Cir. 1979); *Patzkowski v. United States*, 576 F.2d 134, 137–39 (8th Cir. 1978).

before it, the discussion by the *Patzkowski* court is nevertheless persuasive and helpful in deciding this case. The language of section 1988 and the case law require the interpretation of the Act that only when the prevailing party is a defendant in an action initiated by the Government may the party seek to recover attorney's fees under section 1988.[4]

The plaintiff's request for an award of attorney's fees as a part of costs is DENIED.

---

**4.** This interpretation would also cover the case where the prevailing party was a counter–defendant and incurred attorney's fees in defending against a frivolous or vexatious counterclaim filed by the Government. *See Klotz v. United States*, 602 F.2d 920, 924 (9th Cir. 1979).