**Albert H. FONTNEAU and Patricia G. Fontneau**

v.

**UNITED STATES of America.**

**No. C77–386–L.**

United States District Court, D. New Hampshire.

July 9, 1981.

---

Michael E. Chubrich, Shaines, Madrigan & McEachern, Portsmouth, N. H., for plaintiffs.

John McAllister, U. S. Dept. of Justice, Tax Div., Washington, D. C., William H. Shaheen, U. S. Atty., Concord, N. H., for defendant.

## ORDER ON MOTION FOR ATTORNEY'S FEES

LOUGHLIN, District Judge.

On December 1, 1977, the plaintiff filed this tax refund suit.

The case was tried twice. The first trial commenced June 25, 1979 and ended in a mistrial on June 26, 1979. The second trial commenced in February, 1980. The jury returned a verdict for the plaintiffs in the approximate sum of $11,477.00 plus accrued interest from the date of payment in January, 1976. This case was subsequently appealed to the First Circuit Court of Appeals, but prior to oral argument, the appeal was dismissed with prejudice and plaintiff's motion for final judgment was granted on May 20, 1981.

The plaintiffs have filed this motion for attorney's fees pursuant to 42 U.S.C. § 1988. In further support of their motion, the plaintiffs state.

Although the Fontneaus were nominal plaintiffs in this tax refund suit, in actuality they were cast in the role of defendants since the sole issue involved was civil tax fraud. Recognizing this fact, the Court granted the defendant's request to present an opening statement, and took pains to warn the jury that in this particular case, unlike most other civil cases, it was the defendant that had the burden of proof to prove by clear and convincing evidence that the plaintiffs' underpayment of their income taxes was due to the fraud of the plaintiff, Albert H. Fontneau.

Plaintiff's counsel also alleges that the defendant unreasonably refused plaintiff's settlement offer and knew or should have known that the plaintiffs would prevail on the retrial of the case.

Plaintiff's counsel states that Albert Fontneau was cast in the role of a defendant and therefore this court has the discretion to award attorney's fees to him.

This argument is somewhat flawed as the plaintiffs instituted suit for their tax refund.

The plaintiffs cite *Levno v. U. S.*, 440 F.Supp. 8 (Montana District Court, 1977) where the court at page 11 stated:

Title 42 USC § 1988 permits the award of attorneys fees irrespective of whether the United States is the complaining party or proceeding.

*Patzkowski v. United States* 576 F.2d 134 (8th Cir. 1978) in footnote 2 on pages 136 and 137 discusses in detail the so-called "Allen Amendment" 42 U.S.C. § 1988 and *Levno v. U. S., supra*, as follows.

This case does not present and we need not answer the question of whether the Act authorizes an award of attorney's fees to a taxpayer who prevails in a refund suit in which there is no governmental counterclaim. We note, however, that those courts which have been faced with this question have almost unanimously held the Act to be inapplicable. See *Haskins v. United States*, [1978] Stand. Fed.Tax Rep. (CCH) ¶ 9197 (C.D.Cal. Nov. 17, 1977); *Lieb v. United States*, [1977] Stand.Fed.Tax Rep. (CCH) ¶ 9752 (E.D. Okla. Sept. 29, 1977); *Schulken Bros. Paper Stock Co. v. United States* [1977] Stand.Fed.Tax Rep. (CCH) ¶ 9712 (C.D. Cal. Aug. 29, 1977); *In re Kline*, 429 F.Supp. 1025 (D.Md.1977); *Aparacor, Inc. v. United States*, 571 F.2d 552 (Ct.Cl. 1978); *Key Buick Co. v. Comm'r*, 68 T.C. 178 (1977) (appeal pending). See also *Ellis Sarasota Bank and Trust Co. v. United*

*States* [1978] Fed. Taxes (P-H) (40 A.F.T. R.2d) ¶ 148, 192 (M.D.Fla. September 27, 1977). We have been able to find only one case holding that the ability of a taxpayer to recover attorney's fees under the Act is unaffected by his position in the underlying tax proceeding. The court in *Levno v. United States*, 440 F.Supp. 8 (D.Mont.1977), held summarily, without reference to the language of the statute or to legislative history, that "the status of a party as a plaintiff or as a defendant is not relevant with respect to the award of attorney fees pursuant to 42 U.S.C. § 1988 in a tax case or proceeding." The minority position espoused in *Levno* is certainly unsupported by the language of the statute itself, which clearly requires that the civil action be brought by or on behalf of the Government. Nor does the legislative history preceding passage of the Act support the holding in *Levno*. The only discernible basis for that interpretation of the statute lies in remarks by the sponsor of the amendment's tax clause. Senator Allen inserted into the record several months after the Act's passage, wherein he disavowed that the Act was intended to allow awards of attorney's fees to prevailing defendants only. See 123 Cong.Rec. § 731–2 (daily ed. Jan. 14, 1977). While we appreciate the candor of Senator Allen's acknowledgement that the Government can cause considerable discomfort to a taxpayer without making him a defendant in a lawsuit, we consider it significant that this commentary was made after the passage of the Act. Subsequent comments placed in the *Congressional Record* after a bill has been acted upon are of little value in establishing congressional intent. *Wisconsin Cheesman, Inc. v. United States*, 388 F.2d 420, 423 (7th Cir. 1958). Moreover, during the debate which occurred prior to the passage of the Act, it was uniformly specified and/or implied that awards of attorney's fees would be available only to taxpayer-defendants. *See,* e. g., 122 Cong.Rec. H12152, 12159, 12161–2, 12164, 12166 (daily ed. Oct. 1, 1976); 122 Cong.Rec.

§ 17049–50 (daily ed. September 29, 1976.) Because Patzkowski was required to defend against a governmental counterclaim however, we need not now decide whether the Act authorizes awards of attorney's fees in refund suits in which the Government does not file a counterclaim. We simply note, at this juncture that the developing case law is almost unanimously unfavorable to the allowance of attorney's fees to prevailing taxpayer-plaintiffs.

In *Toner v. Commissioner*, 629 F.2d 899 (3rd Cir. 1980) the court quoted from remarks made by Senators Allen and Kennedy and Representative Drinan at page 901 as follows.

In introducing the amendment to section 1988 that would allow attorneys' fees against the government in certain tax cases (the Allen amendment), Senator Allen explained the effect of the amendment:

What it does is to add to the civil rights attorneys' fees provision a provision that if the Internal Revenue Service or the U. S. Government brings a civil action against a taxpayer to enforce any provision of the Internal Revenue Code, and the Government does not prevail against the taxpayer, then the court, in its discretion, just as in other cases, would be entitled to award the taxpayer reasonable attorneys' fees. That is all it does, and I hope the amendment will be agreed to. 122 Cong.Rec. 33,311 (1976) (remarks of Sen. Allen) (emphasis added). Senator Kennedy in urging passage of the Act remarked that under the Allen amendment:

[A] court would be authorized to award attorneys' fees to a taxpayer who is a defendant in a civil action brought by the U.S. Government to enforce the provisions of the Internal Revenue Code. The usual standard applied in cases where fees are awarded to prevailing defendants would apply here as well—that is, awards are appropriate where the action initiated by the plaintiff, the Government, acted in a frivolous or vexatious

manner or brought the suit for purposes of harassment.

Id. at 33,312–13 (remarks of Sen. Kennedy) (emphasis added). Representative Drinan, who sponsored the amendment in the House, evidenced a similar understanding:

The Allen amendment would allow the prevailing party to recover its counsel fees in any civil action brought by the United States to enforce the Internal Revenue Code. It would not apply to actions instituted against the Government by the taxpayer. Since [the amendment] does not allow the U.S. Government to recover its fees under any circumstances, the effect of the Allen amendment is to permit prevailing defendants in such cases to recover their attorney fees if they satisfy the criteria generally applicable under the bill to prevailing defendants.

Id. at 35,122 (remarks of Rep. Drinan) (emphasis added).

Again at page 903 is the following.

We recognize that there are few cases in which the United States is the plaintiff, but we conclude that the language of the statute, as well as its legislative history, reflects that Congress only authorized attorneys' fees against the government in these limited situations. We refuse to ignore the common meaning of "by or on behalf of" on the assumption that Congress misunderstood the nature of tax litigation when it passed this Act. Nothing in the debates surrounding the passage of the Allen amendment indicates that Congress intended to allow attorneys' fees in cases other than those in which the United States was the plaintiff. In fact, the legislators referred to the status of the United States as plaintiff when enumerating those situations in which an award of attorneys' fees would be appropriate. See, e. g., 122 Cong.Rec. 33,312 (1976) (remarks of Sen. Kennedy); id. at 33,312–13 (remarks of Sen. Kennedy); id. at 35,122 (remarks of Rep. Drinan). But see 123 Cong.Rec. 1281–82 (1977) (remarks of Sen. Allen after the Act had been passed).

Although we sympathize with the appellant's contention that this reading of the statute will result in very few attorneys' fees awards to prevailing taxpayers, we note that her argument proves too much. If we were to hold that the nature of the tax litigation renders the status of the taxpayer as plaintiff or defendant irrelevant, the government would be subject to an attorneys' fees claim every time a taxpayer prevailed in a dispute with the government over the amount of taxes due. We cannot reach such a result with a firm indication of congressional intent. Virtually all other courts that have considered this question have held that the United States must be the named plaintiff in order for the taxpayer to claim attorneys' fees. See, e. g., *Kipperman v. Commissioner, supra; Patzkowski v. United States, supra.* But see *Levno v. United States,* 440 F.Supp. 8 (D.Mont.1977) (basis of finding not explained).

### III

Because this was not a judicial proceeding initiated by the United States, the plaintiff's motion for attorneys' fees will be denied. Given our disposition of these issues, we need not reach the question whether the taxpayer must show bad faith in order to recover attorneys' fees.

*Holcomb v. United States,* 622 F.2d 937 (7th Cir. 1980) was a taxpayer's suit for refund of amount paid and withheld from them by the Internal Revenue Service and the government counterclaimed for the unpaid balance of a penalty assessment levied against them for their failure to pay withholding taxes due from a corporation of which they were officers. A jury verdict was returned in favor of the taxpayers.

Plaintiff sought attorneys' fees; the court found that the government action was not instituted in bad faith and refused to allow attorneys' fees.

At page 942 of the opinion, the court stated.

Although § 1988, by its terms leaves the decision to award attorney's fees to the discretion of the trial court, the courts have held that attorney's fees are appropriate only where the government's action was instituted in bad faith or was frivolous, harassing or vexatious. See *Bryant v. United States,* 456 F.Supp. 174; *Patzkowski v. United States,* 576 F.2d 134 (8th Cir. 1978); *Lieb v. United States,* CCH par. 9752 (E.D.Okl., Sept. 29, 1977); *St. James Sugar Cooperative, Inc. v. United States,* 79–2 U.S.T.C. par. 9476 (E.D.La., June 12, 1979); *In re Slodov,* 419 F.Supp. 64. But see *Levno v. United States, supra* (attorney's fees awarded without discussion of bad faith).

In this case, contrary to plaintiff's counsel's assertions, the Government did not act in bad faith. Candidly, the court was of the opinion that the Government had a very strong case to defend. The plaintiff, Albert Fontneau had to overcome the obstacle of convincing the jury that his plea of guilty to criminal charges involving the same issues was made because of health problems, after a mistrial. That he did overcome this formidable obstacle was a credit to the acumen of his counsel in the presentation of this case in the court's opinion and not solely the credibility of the plaintiff, Albert Fontneau on this vital issue.

Legal research has not disclosed any First Circuit case which is apposite on this issue of attorneys' fees as it applies to this factual situation.

Motion denied.