Sydney R. PRINCE, III and Gage Bush Englund, as Co-Executors of the Estate of Margaret G. Bush, Plaintiffs-Appellants,

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 79–2095.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1980.

George H. McKean, Mobile, Ala., for plaintiffs-appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Section, Tax Div., Richard W. Perkins, U. S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before COLEMAN, Chief Judge, FRANK M. JOHNSON, Jr. and POLITZ, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Acting in their capacity as executors of the estate of Margaret Bush, Sydney R. Prince, III, and his co-executor, Gage Bush Englund, filed claims with the Internal Revenue Service (IRS) for the refund of certain income taxes paid by the decedent during her lifetime. These claims were denied. In April, 1977, the executors filed suit in the United States District Court for the Southern District of Alabama seeking either the income tax refund or a smaller, uncontested estate tax refund in lieu thereof.[1] They also sought attorney's fees. The

1. When the estate's tax return was filed, the IRS insisted that the full amount of the disput-

ed income tax refund be included in the gross value of the estate. According to the district

suit was tried on stipulated facts. The district court denied the income tax refund, granted the estate tax refund, and denied attorney's fees. Prince and Englund appeal the denial of the income tax refund and the denial of attorney's fees.

### I.

The tax controversy arose out of a trust arrangement established by Margaret Bush's late husband. As a life beneficiary of the trust, Margaret Bush received regular income payments up until the time of her death. She paid income tax on these payments. Under the terms of the trust, the trustee was to receive once every ten years as part of its fee an amount of trust income equal to two percent of the trust principal.[2] In 1948, the trustee established the custom of paying this fee by making deductions out of income in each of the five years preceding and following a ten year mark.

Margaret Bush died in 1971. A ten year period ended in 1973. On petition of the trustee, the Alabama Supreme Court determined that her share of the ten year fee had not been met by the yearly deductions that had been taken out of the trust income up until the time of her death. It decided that her estate owed the trustee over $170,-000. *Corretti v. First National Bank of Birmingham,* 290 Ala. 280, 276 So.2d 141 (1973). According to the executors, this amount constituted income that Margaret Bush had received during her lifetime and on which she had already paid over $100,000 in taxes. It is these taxes that the executors seek to have refunded.

Both parties agree that the dispute turns on the applicability of Section 1341 of the Internal Revenue Code of 1954, 26 U.S.C. § 1341.[3] The section provides for a compensatory tax adjustment where an item is declared as income and taxed in one year, and in a subsequent year has to be returned.[4] To qualify, the taxpayer must show, among other things not relevant here, that the "item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unre-

---

court, the IRS conceded that the estate would be entitled to a refund of the taxes paid as a result of the income tax refund's inclusion if the income tax refund was eventually denied.

2. The last will and testament of Morris W. Bush, which established the trust, provided that the trustee would receive as compensation "a sum equivalent to five percent of the gross income from the Trust Estate as and when such income is disbursed or distributed hereunder, plus an additional sum at the end of each ten year period figured from the date of the establishment of this trust equivalent to two percent of the reasonable value of the principal of the Trust Estate at the time such additional payment is payable, all such compensation to be deducted from the income from the Trust Estate."

3. Section 1341 of the Internal Revenue Code of 1954, 26 U.S.C. § 1341, provides in part:

    (a) *General rule —*

    If—

      (1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;

      (2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years)

that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and

      (3) the amount of such deduction exceeds $3,000,

then the tax imposed by this chapter for the taxable year shall be the lesser of the following:

      (4) the tax for the taxable year computed with such deduction; or

      (5) an amount equal to—

      (A) the tax for the taxable year computed without such deduction, minus

      (B) the decrease in tax under this chapter (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).

4. If Section 1341 is inapplicable, the taxpayer is only entitled to a deduction in the year in which the item is returned. Unless the taxpayer has equivalent offsetting income in that year, and here the estate did not, the deduction does not compensate for the earlier tax payments. *See, e. g., United States v. Lewis,* 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560 (1951); H.R.Rep.No. 1337, 83d Cong., 2d Sess., *reprinted in* [1954] U.S.Code Cong. & Admin.News, pp. 4025, 4436.

stricted right to such income" and that "it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item." 26 U.S.C. § 1341(a).

█ The basis of the district court's decision and of the government's position on this appeal is that the section is inapplicable here because Margaret Bush had an actual unrestricted right to the trust income in question, and not just an appearance of such a right. The contention is that the Alabama judgment did not call into question Margaret Bush's entitlement to any of the income she had previously received and thus require its Section 1341-style restoration; it only required the estate to make a "simple disbursement."[5] This view is incorrect. The Alabama judgment established, whether expressly or by implication, that the deductions from the trust income for the ten year fee had been miscalculated. As a result, Margaret Bush had received more income from the trust than she was entitled to receive. This income had to be returned. The requirements of Section 1341 were thus clearly satisfied. Margaret Bush appeared to have an unrestricted right to the income when she received it; it was established in a taxable year after she received it that she did not have such a right.

## II.

The executors also request that we instruct the district court on remand to give further consideration to the issue of attorney's fees. They claim that the estate is entitled to such fees under the Civil Rights Attorney's Fees Awards Act of 1976.

█ We conclude, as did the district court, that the Act is inapplicable. The Act provides in pertinent part that:

in any civil action or proceeding, by or on behalf of the United States of America, to enforce or charging a violation of, a provision of the United States Internal Revenue Code, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. Because this action was brought by the executors and not by or on behalf of the United States, the executors base their claim for attorney's fees on an expansive interpretation of the term "proceeding." They argue that "proceeding" refers to administrative as well as judicial proceedings.[6] This argument has no merit. See, e. g., Aparacor, Inc. v. United States, 571 F.2d 552, 553 (Ct.Cl.1978) (en banc); Johnson v. Commissioner, 468 F.Supp. 461, 464–65 (M.D.Fla.1979). The difference in cost and other consequence between allowing attorney's fees in tax suits brought by the government, as the Act plainly permits, and allowing attorney's fees in tax suits brought in response to government-initiated administrative proceedings, as the executors would have us hold, is significant. Because of the procedural peculiarities of the United States tax review system, almost all tax cases are of the latter kind. If Congress had intended "proceeding" to encompass administrative proceedings, it seems clear that it would have made this intent more plain in the statutory language. Such an intent is not even manifested in the Act's legislative history.[7]

5. The district court found Section 1341 inapplicable because "[t]he ten-year trustee compensation was, upon payment, not a refund or restoration of improperly claimed funds but rather a simple disbursement provided for in the trust instrument."

6. The executors apparently assume that the administrative proceedings in this case were by or on behalf of the United States. This assumption may be incorrect.

7. The provision of the Act regarding Internal Revenue actions or proceedings was the result

of a floor amendment offered by Senator James Allen. Senator Allen commented several months after the Act was signed into law and the question had arisen that he intended "proceeding" to include administrative proceedings, see 123 Congressional Record 1281–82 (1977), but he did not make this intention clear at the time of the amendment's adoption or of the Act's passage, see 122 Congressional Record 33311, 33313 (1976). Nor did any of the other Senators or Representatives who commented on the provision. See id. at 33310–15, 35114–20.

We decline to follow the executors' alternative suggestion that we imply a right to attorney's fees under *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

We reverse and remand for calculation of the tax adjustment due the estate under Section 1341. The estate is not entitled to attorney's fees under 42 U.S.C. § 1988 and the district court is affirmed on this issue.

AFFIRMED IN PART and REVERSED AND REMANDED IN PART.