Felix C. ALFONSO, Jr.,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 79–1796.

United States Court of Appeals,
Fifth Circuit.

March 19, 1980.

---

A. J. Schmitt, Jr., New Orleans, La., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sect., Ronald Dweck, Robert A. Bernstein, William A. Friedlander, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before COLEMAN, Chief Judge, FRANK M. JOHNSON, Jr. and POLITZ, Circuit Judges.

POLITZ, Circuit Judge.

This appeal presents the single issue whether a jeopardy assessment is a "civil action or proceeding" under the Civil Rights Attorney's Fees Awards Act of .1976.[1] Answering this question in the negative, we affirm the district court.

Fearing that a suspected bookmaker would flee the jurisdiction without paying wagering excise taxes, the Internal Revenue Service issued a jeopardy assessment totalling $57,480 against appellant Felix C. Alfonso, Jr. After an administrative review, IRS officials determined the assessment was reasonable under the circumstances. Alfonso sought review of the jeopardy assessment by the district court. The government did not wish to reveal the names of confidential sources and agreed to an abatement of the jeopardy assessment. After issuance of the abatement, appellant filed a motion for attorney's fees. The motion was denied and this appeal follows.

Taxpayers embroiled in disputes with the IRS may be granted attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, which provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In *Prince v. United States,* 610 F.2d 350 (5 Cir. 1980) and *Key Buick Company v. Commissioner of Internal Revenue,* 613 F.2d 1306 (5 Cir. 1980), we held that a taxpayer must be the defendant in a lawsuit involving his tax dispute with the IRS, before the court is empowered to award attorney's fees. The taxpayer, not the United States, was the plaintiff in this district court action. His motion for attorney's fees must be denied.[2]

On appeal, Alfonso urgently presses the distinction between jeopardy assessments and other IRS administrative activities, arguing that when a jeopardy assessment is issued, "a civil action or proceeding, by or on behalf of the United States" commences. Stripped to its essentials, his argument contends that because a jeopardy assessment has harsher consequences on taxpayers than other administrative proceedings, successful taxpayers who run this gauntlet are entitled to reimbursement for attorney's fees. This argument erroneously

---

1.  42 U.S.C. § 1988, Pub.L.No. 94–559, 90 Stat. 2641.

2.  Two district courts have held that jeopardy assessments are not "civil actions or proceedings," for purposes of § 1988. *Johnson v. Commissioner of Internal Revenue,* 468 F.Supp. 461 (M.D.Fla.1979); *Haskin v. United States,* 444 F.Supp. 299 (C.D.Cal.1977).

assumes that the severity of an administrative proceeding governs the taxpayer's right to recover attorney's fees. It does not. The language of 42 U.S.C. § 1988, as interpreted and applied by this court in *Prince* and *Key Buick*, does. For these reasons and those stated in *Prince* and *Key Buick*, the decision of the district court is AFFIRMED.