E. C. JONES, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 78–2949.

United States Court of Appeals, Fifth Circuit.

March 19, 1980.

Robert I. White, Houston, Tex., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief Appellate Section, William A. Friedlander, Richard D. Buik, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before COLEMAN, Chief Judge, FRANK M. JOHNSON, Jr. and POLITZ, Circuit Judges.

POLITZ, Circuit Judge.

This opinion concludes the trilogy of cases decided this date,[1] involving the application of the Civil Rights Attorney's Fees Awards Act of 1976[2] to taxpayer litigation.

After an audit, the Internal Revenue Service determined that Jimmy Wayne Morton, an experienced tree cutter, was an employee rather than an independent subcontractor of logging contractor E. C. Jones. As a result the IRS concluded that amounts paid to Morton during 1973 and 1974 were subject to income tax withholding, federal unemployment (FUTA), and Social Security (FICA) taxes. Assessments were made against Jones for FUTA taxes for 1973 and 1974 in the amounts of $28.55 and $25.19. Jones paid and immediately filed refund claims asserting that Morton was an independent contractor, not an employee. Jones did not pay withholding or FICA taxes because Morton had already paid them. Sections 3402(d)[3] and 6521(a)[4] of the Internal Revenue Code provide that when an "employee" pays all of his withholding or FICA taxes, the "employer" is relieved of liability.

Despite the footnoted clear statutory language (and apparently despite essentially undisputed facts), the IRS counterclaimed for FICA and withholding taxes totaling $10,170.02.[5]

Jones prevailed in his main demand and was awarded a refund of $53.74. Jones also prevailed as defendant in the government's counterclaim which was rejected with prejudice. Jones moved for an award of attorney's fees. Citing *Patzkowski v. United States*, 576 F.2d 134 (8th Cir. 1978) the district court denied the motion. We reverse and remand.

The Civil Rights Attorney's Fees Awards Act of 1976 provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the

1. *Key Buick Company v. Commissioner of Internal Revenue*, 613 F.2d 1306 (5 Cir. 1980), and *Alfonso v. United States of America*, 613 F.2d 1309 (5 Cir. 1980). *See also Prince v. United States*, 610 F.2d 350 (5 Cir. 1980), decided by this panel January 25, 1980.

2. 42 U.S.C. § 1988, Pub.L. No. 94–559, 90 Stat. 2641.

3. § 3402. Income Tax Collected at Source

    \*   \*   \*   \*   \*   \*

(d) *Tax paid by recipient.*—If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer \*   \*

4. § 6521. Mitigation of effect of limitation in case of related taxes under different chapters

(a) *Self-employment tax and tax on wages.*—In the case of the tax imposed by chapter 2 (relating to tax on self-employment income) and the tax imposed by section 3101 (relating to tax on employees under the Federal Insurance Contributions Act)—

(1) If an amount is erroneously treated as self-employment income, or if any amount is erroneously treated as wages, and

(2) If the correction of the error would require an assessment of one such tax and the refund or credit of the other tax, and

(3) If at any time the correction of the error is authorized as to one such tax but is prevented as to the other tax by any law or rule of law (other than section 7122, relating to compromises),

then, if the correction authorized is made, the amount of the assessment, or the amount of the credit or refund, as the case may be, authorized as to the one tax shall be reduced by the amount of the credit or refund, or the amount of the assessment, as the case may be, which would be required with respect to such other tax for the correction of the error if such credit or refund, or such assessment, of such other tax were not prevented by any law or rule of law (other than section 7122, relating to compromises).

5. The $10,170.02 sum was broken down as follows:

    $ 7,362.01 – withholding tax
      2,808.01 – FICA tax
    $10,170.02

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ In *Prince* and *Key Buick* we held that the taxpayer must be the defendant in a lawsuit involving his tax dispute with the IRS before the court is empowered to award attorney's fees. In this cause, when the IRS filed the counterclaim, as to that dimension of the tax dispute the taxpayer became a defendant eligible to seek attorney's fees under § 1988. When the government sought judgment the taxpayer was cast in the role of a party-defendant.

We must determine the standards which govern such awards. The language of the statute assists not, however, there is much succor available both in its legislative history and in the jurisprudence. Statements made during the Senate [6] and House [7] floor debates clearly reflect that the IRS must have acted in an unreasonable, harassing, or vexatious manner before attorney's fees may be assessed as costs. That type of conduct weighed heavily in the discussions [8] and has long been recognized in the jurisprudence as a traditional prerequisite for the award of attorney's fees.

As Congressman Drinan observed:

If the suit is of a vexatious and harassing nature, the defendant obviously should be given his reasonable attorney fees. I think it is all carefully regulated by a body of law which goes back at least 50 years . . . 122 Cong.Rec.H. 35118 (Oct. 1, 1976).

This requirement is essential. The motivating policy considerations in the award of attorney's fees in the customary civil rights action [9] are not present in the typical tax dispute.

In addressing the issue of an attorney's fee award under Title VII, which contains language virtually identical to that in § 1988, the Supreme Court declared in *Christiansburg*:

In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

434 U.S. at 421, 98 S.Ct. at 700.

■ We have applied the *Christiansburg* standard to § 1988 cases arising in a civil rights context. *Lopez v. Aransas Cty. Independent Sch. Dist.*, 570 F.2d 541 (5th Cir. 1979); *Little v. Southern Elec. Steel Co.*, 595 F.2d 998 (5th Cir. 1979). We now hold that *Christiansburg* is equally applicable to § 1988 tax cases.

In adopting the *Christiansburg* test we emphasize that the taxpayer, cast as a defendant, must come forward with evidence demonstrating that the government has acted in a proscribed manner. A showing of subjective bad faith is not required but there must be a finding that the government's action was frivolous, unreasonable, or without foundation. Upon such a finding the court may award attorney's fees.

In the instant case Jones introduced income tax returns establishing that Morton had paid his own withholding and FICA taxes. Although the IRS had proof *in its own records* that Jones did not owe FICA and withholding taxes, it persisted in advancing a counterclaim that was the epitome of a frivolous and unreasonable lawsuit. The government conceded that it had posted a lien and counterclaimed for a sum far

---

**6.** See generally, remarks of: Senator Helms at 122 Cong.Rec.S. 33312 (Sept. 29, 1976); Senator Tunney at 122 Cong.Rec.S. 33312 (Sept. 29, 1976); and Senator Kennedy at 122 Cong. Rec.S. 33312 (Sept. 29, 1976).

**7.** See generally, remarks of: Congressman Anderson at 122 Cong.Rec.H. 35115 (Oct. 1, 1976); Congressman McClory at 122 Cong.Rec.H. 35116 (Oct. 1, 1976); and Congressman Drinan at 122 Cong.Rec.H. 35116 (Oct. 1, 1976).

**8.** S.Rep. No. 94–1101, 94th Cong. 2d Sess., reprinted in (1976), U.S.Code Cong. & Admin. News, p. 5908.

**9.** *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

in excess of the amount it believed to be due as an "attention-getter" or bargaining wedge. The amount sought was almost seven times the amount which could have been contested in good faith. Less than $1,500 of FICA taxes was actually in dispute.

■ Finding that the government's counterclaim was meritless [10] we hold that the district court erred in refusing to award attorney's fees.

The matter is remanded to the district court for the purpose of awarding Jones attorney's fees, for both the trial and appellate phases, consistent with the guidelines expressed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

REVERSED and REMANDED.

---

**10.** A "meritless" suit under *Christiansburg* means "groundless or without foundation, rather than simply that the plaintiff (the government) has ultimately lost his case." *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700.