Eugene Van CLEAVE and Carol Van Cleave, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 82–1162.

United States Court of Appeals, Sixth Circuit.

Argued May 24, 1983.

Decided Oct. 5, 1983.

Lawrence J. Ross (argued), Washington, D.C., David A. Guberman, Sherin and Lodgen, Boston, Mass., for plaintiffs-appellants.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., Glenn Archer, Michael L. Paup, Richard W. Perkins, Libero Marinelli (argued), Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before ENGEL and KRUPANSKY, Circuit Judges and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This appeal involves a claim of favorable income tax treatment under 26 U.S.C. § 1341 by a taxpayer who in a subsequent year paid back excessive compensation to the corporation which employed him. The taxpayer included this excessive compensation in his return for the year the compensation was received. The government concedes that taxpayer is entitled to a deduction in the subsequent year. Taxpayer contends, however, that he should be allowed, pursuant to Section 1341, more favorable tax treatment by in effect excluding the excessive compensation from his income in the year received, thereby reducing his tax liability for that year and receiving a credit against his tax liability for the subsequent year. The district court, after a bench trial, entered judgment for the government in taxpayer's refund action and taxpayer appealed. We reverse and hold that taxpayer is entitled to the benefit of Section 1341.

## BACKGROUND

The taxpayer, Eugene Van Cleave, was president and majority stockholder of Van-Mark Corporation throughout the time in question. In 1969, the corporation adopted a by-law requiring corporate officers who received from the corporation income determined by the Internal Revenue Service (IRS) to be excessive—and so not deductible by the corporation as a business expense—to pay back the amount determined to be excessive to the corporation. In addition, Mr. Van Cleave entered into a separate agreement requiring him to reimburse the corporation for nondeductible compensation.

Mr. Van Cleave received $332,000 in salary and bonuses in 1974. During 1975, the IRS audited the corporation's return, determined that $57,500 of Mr. Van Cleave's salary was excessive, and disallowed that portion of his salary as a deduction to the corporation. In December, 1975, pursuant to the corporation's by-law and the agreement between Mr. Van Cleave and the corporation, Mr. Van Cleave repaid the nondeductible $57,500.

Mr. Van Cleave reported the full compensation on his calendar year 1974 income tax return. On his 1975 return, prepared with the repayment to the corporation in mind, he calculated his tax liability by using 26 U.S.C. § 1341. The IRS audited the return, and allowed a deduction for 1975 but disallowed use of Section 1341, resulting in a tax deficiency of $5,987.34. Mr. Van Cleave paid this deficiency and brought this action for a refund.

This case turns on the interpretation of Section 1341 of the Internal Revenue Code. Section 1341 provides, in pertinent part:

**(a) General rule.—If—**

(1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;

(2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and

(3) the amount of such deduction exceeds $3,000, then the tax imposed by this chapter for the taxable year shall be the lesser of the following:

(4) the tax for the taxable year computed with such deduction; or

(5) an amount equal to—

(A) the tax for the taxable year computed without such deduction, minus

**(B)** the decrease in tax under this chapter (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).

*See also* Treasury Regulation § 1.1341–1, which provides:

(a)(1) If, during the taxable year, the taxpayer is entitled under other provisions of chapter 1 of the Internal Revenue Code of 1954 to a deduction of more than $3,000 because of the restoration to another of an item which was included in the taxpayer's gross income for a prior taxable year (or years) under a claim of right, the tax imposed by chapter 1 of the Internal Revenue Code of 1954 shall be the tax provided in paragraph (b) of this section.

Section 1341 was enacted by Congress to mitigate the sometimes harsh result of the application of the "claim of right" doctrine. *United States v. Skelly Oil Co.,* 394 U.S. 678, 681, 89 S.Ct. 1379, 1381, 22 L.Ed.2d 642 (1969); H.R.Rep. No. 1337, 83d Cong., 2d Sess., 86–87 *reprinted in* 1954 *U.S.Code Cong. and Ad.News* 4017, 4436; S.Rep. No. 1622, 83d Cong., 2d Sess., 118–19, *reprinted in* 1954 *U.S.Code Cong. and Ad.News* 4621, 5095. Under the claim of right doctrine, a taxpayer must pay tax on an item in the year in which he receives it under a claim of right even if it is later determined that his right to the item was not absolute and he is required to return it. The taxpayer, however, is allowed to deduct the amount of the item from his income in the year of repayment. This result was held to be required because income and deductions are determined on an annual basis. *Skelly* at 681, 89 S.Ct. at 1381. But, as pointed out by the Supreme Court in *Skelly,* it is possible for a taxpayer to benefit less from the deduction in the year of repayment than he would benefit if he had been able to deduct the amount repaid from his income in the year of receipt. *Id.* This result of the claim of right doctrine could occur when, as was the case with Mr. Van Cleave, the taxpayer had

been in a higher tax bracket in the year of receipt than he was in the year of repayment.

Section 1341 allows the taxpayer to choose the more favorable alternative as follows:

If the taxpayer included an item in gross income in one taxable year, and in a subsequent taxable year he becomes entitled to a deduction because the item or a portion thereof is no longer subject to his unrestricted use, and the amount of the deduction is in excess of $3,000, the tax for the subsequent year is reduced by either the tax attributable to the deduction or the decrease in the tax for the prior year attributable to the removal of the item, whichever is greater. Under the rule of the *Lewis* case (340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560 (1951)) [see *infra* ], the taxpayer is entitled to a deduction only in the year of repayment.

H.R.Rep. No. 1337, 83d Cong.2d Sess., 86–87, *reprinted in* 1954 *U.S.Code Cong. and Ad.News* 4017, 4436; S.Rep. No. 1622, 83d Cong.2d Sess., 118–19, *reprinted in* 1954 *U.S.Code Cong. and Ad.News* 4621, 5095.

## I.

The district court held that Section 1341 treatment was not available to Mr. Van Cleave because it determined that his repayment was voluntary. The district court determined that it was voluntary because Mr. Van Cleave owned a substantial majority of the stock and in that sense controlled the corporation. On appeal, however, the government does not contend that Section 1341 is inapplicable because the repayment was voluntary and indeed does not contend that the repayment in fact was voluntary.

The district court also seemed to be persuaded by the argument that, if Mr. Van Cleave were allowed Section 1341 treatment under these circumstances, this would open the door to tax avoidance in that taxpayers who controlled corporations could "test the waters" in setting their compensation without risk of an adverse tax result. We believe, however, that such possibility

of tax avoidance is not a proper consideration in applying this statute, and that the consideration is a legislative rather than a judicial consideration. Moreover, as Mr. Van Cleave suggests, the possibility of tax avoidance could be reduced by requiring the corporation and recipient of compensation to state in their returns that such compensation was paid subject to an obligation to reimburse in the event a deduction is disallowed to the corporation.

## II.

The leading case on the claim of right tax doctrine is *North American Oil Consolidated v. Burnet,* 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197 (1932). *North American Oil* involved a dispute over the year in which income, earned on property held by a receiver during a title dispute between the taxpayer and the government, was to be taxed. The possibilities were 1916, the year in which the income was earned; 1917, the year in which the district court ruled in favor of the taxpayer and the money was paid to the taxpayer; or 1922, the year the litigation was finally terminated in the taxpayer's favor. In an opinion by Justice Brandeis, the Court determined that 1917 was the year that the income must be reported and set forth the claim of right doctrine as follows:

> If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent. *Id.* at 424, 52 S.Ct. at 615.

In a more recent case, *Healy v. Commissioner,* 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007 (1953), each of the taxpayers involved received excessive compensation from a closely-held corporation in which he was both a shareholder and an officer. The taxpayers reported that compensation as income in the year of receipt. In a subsequent year, the IRS determined that part of this compensation was excessive, disallowed the deduction to the corporation, and taxpayers, as transferees, were required to pay back the excess. The government conceded that the taxpayers could deduct the amount paid back from their taxable income, but argued that the deduction could only be taken in the year of repayment. Taxpayers, on the other hand, argued that they should be allowed to have their tax liability determined by taking a deduction in the year the excessive compensation was received. The Court held that, under the claim of right doctrine, the deduction could be taken only from the income of the year of repayment.

In a similar case, *United States v. Lewis,* 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560 (1951), taxpayer received a bonus from his employer in 1944 and reported it on his income tax return for that year. In a subsequent year, taxpayer paid back one half of the bonus pursuant to a state court judgment. As in *Healy,* taxpayer claimed that he should be able, in the year of repayment, to have his tax liability determined by taking a deduction in the year the excessive bonus was paid to him. The Court held, however, that, under the claim of right doctrine, the taxpayer could take a deduction only in the year of repayment. Justice Douglas dissented, noting that the effect of the Court's decision was to allow the government to exact tax on money that was not income to the taxpayer.

As previously noted, Section 1341 was enacted to alleviate the effect of the claim of right doctrine in cases such as *Lewis.* The government argues, however, that Section 1341 is not available to the taxpayer in the instant case. The government points out that Section 1341 provides for taxpayer relief only if "it *appeared* that the taxpayer had an unrestricted right" (emphasis added) to the excess salary and "it was established after the close of such prior taxable year . . . that the taxpayer did not have an unrestricted right to such item." Section 1341(a)(1) and (2). The government argues that Mr. Van Cleave had more than an *appearance* of an unrestricted right to the excess compensation in the year in which it

was received, and that the right to the compensation became restricted only upon the occurrence of the IRS audit and determination in a subsequent year. The government maintains that, since Mr. Van Cleave had an unrestricted right to the compensation in the year of receipt, contingent only upon the happening of an event in a subsequent year, Section 1341 is not available to him.

■ We reject this argument and hold that Section 1341 is available to Mr. Van Cleave. The fact that his ultimate right to the compensation was not determined until the occurrence of a subsequent event does not mean that Mr. Van Cleave had, in the statutory sense, an unrestricted right to the compensation when he received it. In *Prince v. United States,* 610 F.2d 350 (1980), the Fifth Circuit reversed a district court decision that the estate of a taxpayer was not entitled to Section 1341 tax adjustment. A state court had ruled that the decedent, a trust beneficiary, had received trust funds—and paid federal income tax on them—that should have gone to the trustee as part of its fee. The state court required the decedent's estate to return these funds to the trustee. The government's position in that case was identical to its stance in this case: Section 1341 was not available to the taxpayer's estate because the taxpayer had an unrestricted right to the income in the year of receipt, not just the appearance of a right. *Id.* at 352. In rejecting the government's argument, the court said:

> The Alabama judgment established, whether expressly or by implication, that the deductions from the trust income for the ten year fee had been miscalculated. As a result, [decedent] had received more income from the trust than she was entitled to receive. This income had to be returned. The requirements of Section 1341 were thus clearly satisfied. [Decedent] appeared to have an unrestricted right to the income when she received it; it was established in a taxable year after she received it that she did not have such a right. *Id.*

■ We agree with the Fifth Circuit's reading of Section 1341 and hold that the fact that a restriction on a taxpayer's right to income does not arise until a year subsequent to the time of receipt does not affect the availability of Section 1341 tax adjustment. Therefore, Section 1341 tax adjustment is available to a taxpayer in this situation if the other requirements of the section are met. We are aided in this conclusion by our examination of cases involving the application of the claim of right doctrine, the effect of which the section was designed to alleviate. *United States v. Lewis,* 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560 (1951); *Healy v. Commissioner,* 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007 (1953). Acceptance of the government's reading of the statute would thwart the ameliorative purpose intended by Congress in enacting the section. *United States v. Skelly Oil Co.,* 394 U.S. 678, 681, 89 S.Ct. 1379, 1381, 22 L.Ed.2d 642 (1969); H.R.Rep. No. 1337, 83d Cong.2d Sess., 86–87, *reprinted in* 1954 *U.S.Code Cong. and Ad.News* 4017, 4436; S.Rep. No. 1622, 83d Cong., 2d Sess., 118–19, *reprinted in* 1954 *U.S.Code Cong. and Ad.News* 4621, 5095. Accordingly, Mr. Van Cleave is entitled to a tax adjustment under Section 1341.

The judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.