ALICE AINA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aina v. Commissioner
Docket Nos. 25693-85, 43901-85.
United States Tax Court
T.C. Memo 1987-76; 1987 Tax Ct. Memo LEXIS 72; 53 T.C.M. (CCH) 88; T.C.M. (RIA) 87076; February 9, 1987. Edward P. Phillips, for the petitioner. John F. Hernandez, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in petitioner's Federal income and self-employment tax liabilities and additions to tax for the years 1981, 1982, and 1983 as follows: Additions to Tax
Years
Deficiencies
[1] Sec. 6653(b) Sec. 6653(a)
1981
$15,189.00
$7,594.50
1982
10,108.40
[2] 5,054.20
1983
1,719.00
[3] $85.95
*73 The issues for decision are: (1) The correct amount of petitioner's and her husband's taxable income for 1981 and 1982; (2) whether petitioner is liable for the additions to tax under section 6653(b) for 1981 and 1982; (3) whether petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for 1983; (4) whether petitioner qualifies as an innocent spouse with respect to the tax deficiencies and additions to tax determined by respondent; and (5) whether petitioner is liable for self-employment taxes with respect to certain additional income respondent determined was earned by petitioner and her husband in 1981, 1982, and 1983. Although petitioner and her husband filed joint tax returns and although respondent issued joint notices of deficiency to petitioner and her husband, petitioner's husband did not join in the filing of the petition herein, nor did *74 he file a petition on his own behalf with regard to respondent's notices of deficiency. Trial of this action was held on November 6, 1986, in Miami, Florida. FINDINGS OF FACT At the time of filing her petition herein, petitioner was a resident of Miramar, Florida. Petitioner is 40 years old, was born in Nigeria, and has 5 children ranging in age from 2 to 17 years old. In 1970, while still living in Nigeria, petitioner met and married Zaccheaus Aina. Zaccheaus moved to the United States shortly after their marriage, and petitioner joined him in the United States in 1971. During the years 1971 through 1980, petitioner and her husband obtained college educations and qualified as registered nurses. During 1976, 1977, and 1978, Zaccheaus attended medical school in the Caribbean and obtained a medical degree. By 1980, petitioner and her husband had moved to Florida. In 1981, Zaccheaus was required to work in hospitals as a student intern to become fully qualified to practice medicine in the United States. Zaccheaus received no compensation for his work as a student intern. In 1981, 1982, and 1983, petitioner worked as a staff relief nurse and as a private duty nurse for various *75 hospitals. Her jobs were temporary and were obtained through nurse referral services or nurse registries with which she was affiliated. As a staff relief nurse, petitioner worked as a member of the hospital nursing staff. She was assigned by the hospital to a particular ward where she attended patients admitted to the ward. The hospital would either pay petitioner directly or would pay the nurse registries the compensation she earned for her services as a staff relief nurse. When the hospital paid petitioner directly, petitioner would pay the nurse registries five percent of her compensation as a commission. When the hospital paid the nurse registries, the registries would deduct their commissions and would pay petitioner the balance of the compensation received from the hospital. When petitioner worked as a private duty nurse, she was assigned by the hospital to particular patients. In that capacity, petitioner was paid directly by the patients or by the hospital and would then pay the nurse registries their commissions. The record is not extensive with respect to petitioner's specific duties and responsibilities in the hospitals. The nurse registries had very little control *76 over her work in the hospitals. When petitioner worked as a staff relief nurse, the hospitals apparently had a significant degree of control over her work. When petitioner worked as a private duty nurse, the nature and extent of the hospitals' control over petitioner's work is not clear. Under contracts petitioner signed with the nurse registries, petitioner agreed to be treated as an independent contractor and to be responsible for her taxes and insurance.None of the nurse registries through whom petitioner obtained nursing jobs in 1981, 1982, and 1983 withheld income and employment taxes from petitioner's compensation as a nurse.Some of the hospitals for which petitioner worked as a staff relief nurse and as a private duty nurse, however, did withhold income taxes and employment taxes from her compensation. Petitioner's husband Zaccheaus Aina also worked in hospitals in 1981, 1982, and 1983, both as a staff relief nurse and as a private duty nurse, in addition to his noncompensatory work as a student intern. Zaccheaus also obtained his nursing jobs through nurse registries. Petitioner knew that Zaccheaus occasionally had such jobs, but she generally did not know where or to *77 what extent Zaccheaus was working as a nurse, and she did not know how much compensation he was receiving from such jobs. Petitioner and Zaccheaus purchased a home in 1981, although by that time their marriage had become unstable. Zaccheaus often would be gone from the home for extended periods of time without telling petitioner where he was, or the purpose of the trip, other than to explain generally that he was "away on business." Petitioner understood that Zaccheaus made frequent vacation trips to Nigeria. Zaccheaus paid the bills and had control of all the funds that he and petitioner received. Zaccheaus purchased expensive clothing for himself, but Zaccheaus allowed petitioner very little money to purchase clothing or other personal items for herself. Zaccheaus often wrote checks on which he signed petitioner's name to the checks instead of his own name. In 1981, while petitioner was expecting their fifth child, Zaccheaus returned from one of his trips to Nigeria with a 20-year old woman named Margaret. Zaccheaus explained to petitioner that Margaret was his sister and requested petitioner's permission for Margaret to live in their home. Margaret moved in and lived in *78 the home until petitioner, three years later, learned that Margaret actually was Zaccheaus' girlfriend, not his sister. In April of 1985, Zaccheaus abandoned petitioner, his five children, as well as Margaret. He has not been in contact with petitioner since that time, although to petitioner's knowledge, petitioner and Zaccheaus are still married. Zaccheaus reportedly has returned to Nigeria, has remarried (in spite of the absence of a divorce from petitioner), and has a child in Nigeria by his new wife. Petitioner and Zaccheaus filed joint Federal income tax returns for the years 1981, 1982, and 1983. The returns were prepared by a tax return preparer. Zaccheaus provided the information to the preparer for preparation of the tax returns.Only once did petitioner meet the tax return preparer. Petitioner signed each of the tax returns at her husband's direction. Upon aduit, respondent determined that the joint income tax returns failed to report substantial income earned by petitioner and Zaccheaus in 1981 and 1982. In addition to the tax deficiencies, respondent determined additions to tax for fraud for the years 1981 and 1982 and an addition to tax for negligence for 1983 *79 against both petitioner and Zacchaeus. Self-employment tax deficiencies also were determined for each of the years in issue. The amounts reported as petitioner's separate compensation as a nurse on the 1981 and 1982 joint Federal income tax returns (the only years for which the addition to tax for fraud is asserted) is compared below with the correct amount of compensation determined by respondent to have been earned by petitioner: 1981
1982
Petitioner's Compensation Reported
on Tax Returns
$19,918
[4] $25,382
Respondent's Determination of
Petitioner's Compensation
41,479
27,573
Understatement of Petitioner's
Compensation
$21,561
$ 2,776
The joint taxable income (including Zaccheaus Aina's earnings), the tax liabilities reported on the joint tax returns, and the joint tax liabilities determined by respondent are reflected below for each of the years 1981, 1982, and 1983, as follows: *80 Joint
Joint
Joint
Taxable Income
Joint
Tax Liability
Taxable Income
Per Respondent's
Tax Liability
Per Respondent's
Per Return
Computations
Per Return
Computations
1981
$2,373.00
$45,144.00
$15,189.00
1982
3,635.00 35,111.12 $1,239.00
11,347.40 1983
21,979.00
22,390.00 3,316.00 5,035.00  In his determination of petitioner's and Zaccheaus' joint taxable income for 1981, respondent used the cash expenditures method of reconstructing taxable income. In his determinations for 1982 and 1983, respondent used the specific item method of computing the joint taxable income. With one exception, petitioner does not dispute respondent's calculation of petitioner's and her husband's expenditures for 1981, nor the taxable nature of the funds reflected by the expenditures. The one exception pertains to "mortgage payments," which is reflected in respondent's calculation of total 1981 expenditures as a total of $23,335. This figure appears clearly to be in error. Petitioner and Zaccheaus purchased their home on July 30, 1981, with a cash downpayment of $8,400, paid $1,000 closing costs, and in the subsequent five months *81 of 1981 paid $987 a month on the mortgage, for a total expenditure in 1981 relating to the newly purchased home of $14,335. OPINION Correct Taxable Income
With only one exception, petitioner does not dispute respondent's calculations of the taxable income which should have been reported on the joint Federal income tax returns for 1981, 1982, and 1983. We have found as a fact and so hold that respondent's calculation of the cash expenditures of petitioner and her husband in 1981 must be reduced by $9,000, to reflect the correct amount paid by petitioner and her husband with respect to the purchase and mortgage of their home. [5] With the exception of this reduction, respondent's determinations of the joint taxable income of petitioner and Zaccheaus for 1981, 1982, and 1983 are sustained. Addition to Tax Under Section 6653(b)
Under section 6653(b) respondent must establish that at least part of an underpayment in tax for each year was due to fraud with intent to evade tax. Respondent has the burden to prove by clear and convincing evidence that petitioner attempted *82 to evade taxes known to be due by conduct intended to mislead. Sec. 7454(a); Rule 142(b); Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Doncaster v. Commissioner,77 T.C. 334 (1981). The presence of fraud is a guestion of fact and will not be presumed. Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Beaver v. Commissioner,55 T.C. 85, 92 (1970). With respect to joint tax returns, section 6653(b)(4) provides that a spouse will not be subject to the addition to tax for fraud unless some part of the underpayment is attributable to the fraud of such spouse. [6] In that regard the regulations under section 6653(b)(4) explain that -- No person filing a joint return shall be held liable for a fraud penalty except for his own personal fraudulent conduct. Thus, for the fraud penalty to apply to a taxpayer who files a joint return some part of the underpayment in such return must be due to the fraud of such taxpayer. A taxpayer shall not be subject to the fraud penalty solely by reason of the fraud of a spouse and his filing of a joint return with such *83 spouse. [Sec. 301.6653-1(f), Proced. & Admin. Regs.]. We have substantial doubts in this case as to whether the underpayments in tax for 1981 and 1982 were attributable to petitioner's actions. With respect to the 1982 tax return, there was only a small understatement of petitioner's earnings as a nurse. It is the substantial understatement of Zaccheaus' earnings to which the tax deficiency for 1982 is primarily attributable. Petitioner impressed us as honest, hardworking, forthright, and lacking the intent to defraud respondent of taxes due. We note that petitioner's husband took advantage of her in many ways, one of which included the usurpation of the financial assets of the marriage. With little doubt, Zaccheaus appears to have defrauded petitioner, his children by petitioner, Margaret, the government of Nigeria (with respect to his continued marriage to petitioner), and the Internal Revenue Service. *84 Such conduct of Zaccheaus, however, does not establish petitioner's liability for the additions to tax under section 6653(b). The understatement in petitioner's earnings on the 1981 joint tax return is troublesome. In light of Zaccheaus' control over the finances and his control over the information given to the tax return preparer, however, we cannot conclude that such understatement in a single year establishes petitioner's liability for the addition to tax under section 6653(b). We hold for petitioner on this issue. Addition to Tax Under Section 6653(a)
Respondent also determined an addition to tax against petitioner under section 6653(a)(1) and (2) for 1983. Petitioner bears the burden of proof concerning this addition to tax. Rule 142(a); Marcello v. Commissioner,380 F.2d 499, 505-507 (5th Cir. 1967), affg. 43 T.C. 168 (1964). Petitioner, however, presented no arguments or evidence concerning this addition. We sustain respondent on this issue, except to the extent that our resolution of the innocent spouse issue necessitates a reduction of the addition to tax under section 6653(a). Innocent Spouse Issue
Section 6013(e)(1), *85 [7] as amended by the Tax Reform Act of 1984, Division A of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 801-802, 1984-3 C.B. (Vol. 1) 2, 309-310, provides generally that a spouse will be treated as an "innocent spouse" and relieved from liability with respect to a tax deficiency attributable to a "substantial understatement of tax attributable to grossly erroneous items of one spouse." [8]
*86 Petitioner contends that she is entitled to be relieved of liability for deficiencies determined in years 1981, 1982, and 1983 because she meets the requirements of an innocent spouse as set forth in section 6013(e)(1). Respondent's only argument on this issue is that petitioner does not qualify for relief under the innocent spouse provisions because petitioner allegedly has not established that she did not know and had no reason to know that there were substantial understatements of tax on their joint tax returns attributable to the earnings of Zaccheaus. We disagree. The evidence establishes that petitioner was not aware of what Zaccheaus earned each year. Petitioner generally did not have access to his earnings. Often she did not know where he was working, if at all. She did not know what he earned, if anything, on his purported business trips. Petitioner gave the income she received to Zaccheaus, and he determined what bills were to be paid and how the money was to be spent. Zaccheaus gave the information to the tax return preparer for preparation of the tax returns. Petitioner was a credible witness, and we believe her testimony as to her lack of knowledge of the earnings *87 of Zaccheaus. Accordingly, we find for petitioner on this issue and conclude that petitioner qualifies as an innocent spouse under section 6013(e) with respect to those portions of the tax deficiencies and additions to tax at issue herein for each of the years 1981, 1982, and 1983, that are attributable to the earnings of Zaccheaus Aina. Self-Employment Taxes
The evidence is incomplete with respect to this issue. The record discloses little of the details of petitioner's duties in the hospitals and thus we are unable to analyze the numerous factors that are relevant for a resolution of this issue on the merits. See Jones v. United States, an unreported case ( E.D. Tex. 1978, 43 AFTR 2d 79-521, 79-1 USTC par. 9120), revd. and remanded on another issue 613 F.2d 1311 (5th Cir. 1980); Rev. Rul. 61-196, 1961-2 C.B. 155. On the record before us we cannot conclude that respondent's determinations of additional self-employment taxes are erroneous. We sustain respondent on this issue. Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Plus the amount to be determined under sec. 6653(b)(2). ↩
3. Plus the amount to be determined under sec. 6653(a)(2).↩
4. The $25,382 reported on the 1982 tax return as petitioner's compensation from work she performed as a nurse consists of $9,886 in wages earned from International Hospital and $15,496 reported as business income earned by petitioner as an independent contractor.↩
5. The amount of the reduction is calculated as follows: $23,335 minus $14,335 equals $9,000.↩
6. Sec. 6653(b)(4) provides as follows: (4) Special rule for joint returns. -- In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of the spouse unless some part of the underpayment is due to the fraud of such spouse.↩
7. Sec. 6013(e)(1), as amended, provides in part as follows: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is ineguitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability of tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. ↩
8. A "substantial understatement" is defined in sec. 6013(e)(3) as any "understatement" which exceeds $500. Generally, sec. 6661(b)(2)(A) defines an "understatement" as the excess of the amount of tax required to be shown on the return for the taxable year over the amount of tax which is shown on the return.↩